**STATE of Missouri, Respondent,**

v.

**Charles SCHRAMM, Appellant.**

No. 44405.

Supreme Court of Missouri.

Division No. 1.

Feb. 14, 1955.

William B. Kelleher, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Appellant was convicted of burglary in the second degree and larceny, and the jury found that he had been convicted of a prior felony. He was sentenced to 15 years in the penitentiary.

Appellant has filed no brief on his appeal, so that we examine the assignments of error in his motion for a new trial. Those are:

"1. That the verdict and judgment in this case are against the weight of the evidence.

"2. That the verdict and judgment in this case are against the greater weight of the evidence.

"3. That the verdict and judgment in this case are against the concrete and substantial evidence.

"4. That the verdict in this case is the result of bias and prejudice on the part of the jury.

"5. That the Court erred in overruling objections of defendant to testimony offered by the State and admitting into evidence over the objections and exceptions of the defendant, irrelevant and immaterial evidence offered by the State."

It is apparent that the above assignments are insufficient to preserve anything for our review. A motion for new trial "must set forth in detail and with particularity * * * the specific grounds or causes therefor", Supreme Court Rule 27.20, 42 V.A.M.S. and this requirement is mandatory. State v. Gaddy, Mo.Sup., 261 S.W.2d 65, 67[2–4].

344

It has been repeatedly held that the five assignments in the above motion for new trial are too general and therefore insufficient to preserve anything for appellate review. State v. Rohman, Mo.Sup., 261 S.W.2d 69, 72[2]; State v. Burks, Mo.Sup., 257 S.W.2d 919, 920[1].

We have, however, examined the evidence adduced by the state and find it substantial and sufficient to support the charges contained in the amended information and sufficient to support the finding of a conviction of a prior felony.

Police officers, summoned to the vicinity of a store building at about 3:40 a. m. found appellant in a back yard crouching behind a metal trash can. He was holding seven guns which he dropped when so ordered. In appellant's automobile parked near the yard were found 26 other guns. The back door of a sporting goods store was adjacent to the yard. That store had been forcibly entered, and the guns in appellant's possession (both in his arms and in his automobile) came from the store, were of a value of several hundreds of dollars, and were the property of the store proprietors. There were also a crowbar and a hack saw in appellant's automobile. Appellant orally admitted to police officers that he had burglarized the store, had used the hack saw and crowbar to gain entrance, and had taken the 33 guns.

We have also reviewed those record matters which we review irrespective of a motion for new trial and find no error in them prejudicial to appellant. The amended information properly charged the offenses of burglary in the second degree and larceny and sufficiently, considered after verdict, charged four prior felony convictions. No arraignment or plea are shown in the record, but appellant was tried as if he had been arraigned and entered a plea of not guilty; thus, the failure of the record to show arraignment and the entry of a plea is not reversible error. S.C. Rule 25.04.

Appellant was present throughout the trial. The verdict was in proper form and was responsive to the amended information.

The punishment assessed was as prescribed by law. Allocution was accorded appellant and the judgment and sentence substantially conformed to the requirements of law.

The judgment is affirmed and it is directed that the sentence pronounced be executed.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.