**STATE of Missouri, Respondent,**

v.

**Louis MINOR and Charles Perry, Appellants.**

**Nos. 44756, 44757.**

Supreme Court of Missouri.

Division No. 1.

Oct. 10, 1955.

Emanuel Williams, St. Louis, for appellants.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Louis Minor and Charles Perry were jointly charged with robbery in the first degree by means of dangerous and deadly weapons. They were convicted of robbery in the first degree and sentenced to five years in the state penitentiary. They have appealed from the judgments entered on the verdict.

■ Appellants have not filed a brief. We, therefore, examine the assignments of error contained in their new trial motion. That motion, not set forth in numbered paragraphs, is in the main a recitation of portions of the evidence for the apparent purpose of demonstrating that all the evidence was insufficient to sustain the convictions. We have analyzed the motion and a liberal construction of it results in the conclusion that it sets forth only three grounds or causes for a new trial, viz., that the verdict was the result of bias and prejudice, that the verdict was against the weight of the evidence, and that the evidence was not sufficient to sustain convictions of robbery in the first degree.

■ The first two grounds above noted, standing alone, are too general and therefore insufficient to preserve anything for appellate review. State v. Schramm, Mo., 275 S.W.2d 343. While the allegation that the verdict was the result of bias and prejudice is followed by a recitation of some of the evidence, no trial incident is specified nor is it otherwise indicated or demonstrated that there is any record basis for the contention. And our examination of the transcript fails to disclose anything to support defendants' contention in that respect. The reference in the motion to an alleged statement by a juror that "he would convict because the prosecuting witness stated he was thrown from the window" is not supported by anything in the record and, even if otherwise available, statements of fact in an unverified new trial motion do not prove themselves. State v. Burks, Mo., 257 S.W.2d 919, 920[5].

■ The evidence, when viewed from a standpoint most favorable to the state, i. e., when all conflicting evidence is resolved in favor of the state and when all the evidence favorable to the state's case is taken as true, was sufficient to sustain the convictions in the instant case. A brief recitation of the evidence from the viewpoint indicated will so demonstrate.

On March 20, 1954, Milton Gaston lived alone in two first-floor rooms at 3131 Spruce Street in St. Louis. In the late evening of that day appellants, one carrying a .45-caliber automatic and the other carrying a knife, entered Gaston's room, threatened him with their weapons, beat him, knocked him down, took $15 from his trouser pocket, and threw him out a window to an alley below. Gaston shortly found police officers, who observed that he was barefooted and was bleeding from his face and arms. An immediate examination of Gaston's quarters disclosed a highly disordered condition. Gaston positively identified both appellants.

The foregoing was sufficient to prove every element of the offense of robbery in the first degree. Section 560.120 RSMo 1949, V.A.M.S. Appellants testified and denied taking any money from Gaston, explaining that only a fight between Gaston and one of the appellants had occurred. The court's instructions permitted a conviction for common assault. The jury believed Gaston's version of the occurrence. It was the province of the jury to resolve any conflicts in the testimony, to determine the credibility of the witnesses, and to weigh the evidence.

We have also reviewed those record matters which are not required to be preserved in a new trial motion and we find no error therein prejudicial to appellants. The information was sufficient to charge both robbery in the first degree and robbery in the first degree by means of a dangerous and deadly weapon. State v. Foster, Mo., 249 S.W.2d 371, 372[2, 3]. Appellants were arraigned, entered pleas of not guilty, and were present during the trial. The verdict is sufficient in form, is responsive to the charge contained in the information, and assesses the punishment of each appellant separately. Appellants were granted allocution separately and separate judgments were rendered and entered.

The judgments are affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.