STATE of Missouri, Respondent,

v.

Felix HERNANDEZ, Appellant.

No. 47147.

Supreme Court of Missouri,
Division No. 1.

June 8, 1959.

Motion for Rehearing and for Transfer to Court en Banc Denied July 13, 1959.

No attorney for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Charged with murder in the first degree, Felix Hernandez was convicted of murder in the second degree. The jury assessed his punishment at 15 years in the state penitentiary. Defendant appealed, but filed no brief. On this review we examine the assignments of error contained in defendant's motion for new trial. Supreme Court Rule 28.02, 42 V.A.M.S.

Defendant's first assignment of error: "1. The verdict of the jury was not a result of their calm, deliberation and judgment, but rather, of the fact that they were biased and prejudiced against the defendant. They did not give due credit or consideration to the testimony submitted for and in behalf of the defendant."

This assignment is too general to preserve any question for review, State v. White, Mo.Sup., 301 S.W.2d 827; State v. Schramm, Mo.Sup., 275 S.W.2d 343; State v. Minor, Mo.Sup., 282 S.W.2d 545; State v. Rohman, Mo.Sup., 261 S.W.2d 69, under the mandatory requirement, State v. Gaddy, Mo.Sup., 261 S.W.2d 65; State v. O'Brien, Mo.Sup., 252 S.W.2d 357, of Section 547.030 RSMo 1949, V.A.M.S., and of Supreme Court Rule 27.20, which provide that a motion for new trial must set forth in detail and with particularity the specific grounds or causes therefor.

Defendant's second assignment of error: "2. That the Court erred in the admission of testimony in behalf of the State, in particular, that the Court admitted testimony by one of the witnesses for the State who had been assaulted and beaten by some party or parties a short time prior to the trial hereof; that the witness who testified was allowed to explain that he had been struck and beaten by a man unknown to him and that he was approached by one of the witnesses of the State and threatened. This testimony was highly inflamma*tion* and tended to inflame the mind of the jury against the defendant and to all of which the defendant excepted and still excepts."

This assignment is comprehensible only in the light of the following factual background: On August 31, 1957, Henry E. (Tex) Turner was killed by defendant in a tavern as a result of ill feeling over the attentions paid by Turner to one Nora Dixon. Turner had been a friend of Nora's for ten years. He had gone out with her for a period of about a month in 1956. Nora and defendant had been living together for a period of four years prior to the day of the killing. They were not married. In the past the two men had one heated argument over Nora in Nora's apartment and another argument in a

tavern about a year before the date of the killing. On the day in question defendant was sitting in the front booth of the Missouri Tavern at 528 Walnut Street in Kansas City, drinking beer, when Nora and Turner came into the tavern. Turner sat down at the bar and Nora occupied a booth in the rear of the tavern. The State's evidence indicated that defendant approached Turner, said "I thought I told you to stay away from that woman and leave her alone." He hit Turner in the jaw. Turner got off the stool. Defendant told him, "I'm going to kill you." Defendant reached in his pocket, brought out a switch-blade knife, with its 3 or 4 inch blade open. Turner turned his back. Defendant caught him, turned him around, cut him across the stomach twice, turned, staggered, and cut him twice more across the back. Turner, who had nothing in his hands, did not strike at defendant; just tried to keep defendant from cutting him. Badly wounded, Turner died at a hospital a few hours later as a result of the shock and stab wounds of the chest, abdomen and back.

The testimony which forms the basis of assignment of error No. 2, introduced as a part of the State's case in chief, was as follows: Tony Tutor, a customer seated at the bar next to Turner at the time of the killing, a chief witness for the State, testified that on the Saturday prior to the trial Tutor, by a coincidence, encountered Nora Dixon at a tavern at 12th and Troost. Nora was in the company of a man, "a Mexican fellow." Nora asked Tutor if he was "the witness against the defendant," and Tutor said, "No, I don't know him." Nora said, "Yes, you are. I just came from down at the Court House seeing him, I go down every Saturday." When Tutor said he was not the witness against defendant the man with Nora hit Tutor in the left eye inflicting an inch-long cut running from the eye down to the ear. Defendant objected to this testimony of Tutor on the ground that it was hearsay, not made in the presence of the defendant, and that defendant was "not bound by any statement or

fight or quarrel that might have occurred out there"; that any controversy between Tutor and Nora "is not binding on this defendant."

Nora denied any such assault; denied that there was any man with her on the Saturday in question; denied that she and a man approached Tutor and told him not to come to court and testify. She contended that she was seated by herself at the tavern; that the only conversation she had with Tutor was as follows: "I asked if he was going to come down here and he said no, and he walked on out."

■■ Defendant's second assignment of error must be overruled for the reason that the error assigned has not been preserved for review. In order to preserve for appellate review an objection to the admission of testimony the objection stating the grounds must be made at the time the evidence is sought to be introduced, and the same objection and grounds must be set forth in the motion for a new trial. This was not done. The objection at the trial was that the testimony sought to be introduced was hearsay, not made in the presence of defendant, and not binding upon him. In preparing the motion for new trial this objection was not carried forward, but was abandoned. A new and different objection was raised in the motion for a new trial, namely, that the testimony was highly inflammatory. Defendant did not object at the trial on the ground that the evidence was inflammatory. Under the decided cases we cannot review assignment of error No. 2 for the reason that it is not based upon the objections made at the time the testimony was offered, and for the further reason that it raises an objection not made at the time the testimony was offered. Supreme Court Rule 27.20; State v. Hinojosa, Mo.Sup., 242 S.W.2d 1; State v. Slaten, Mo.Sup., 252 S.W.2d 330; State v. Gaddy, Mo.Sup., 261 S.W.2d 65; State v. Mayberry, Mo.Sup., 272 S.W.2d 236; State v. Lord, Mo.Sup., 286 S.W.2d 737; State v. Smith, Mo.Sup., 261 S.W.2d 50. A case

particularly in point is State v. Tompkins, Mo.Sup., 277 S.W.2d 587. In that case, one officer identified the clothing taken from accused when he was arrested, and thereafter another officer was asked whether he was present when the clothing was taken from the accused. An objection was made on the ground that this constituted "unnecessary parading of evidence." On appeal appellant raised the point that the court erred in overruling his objection "to 'unnecessary parading of evidence exhibits and unnecessary corroboration, whereby the jury became prejudiced, incensed and inflamed.'" Because of the discrepancy between the objection lodged at the trial and the assignment of error on appeal it was held that the error was not preserved; that "The objection did not contain any statement to the effect that the jury would become incensed and inflamed," and therefore " * * * that part of the assignment of error is not before us." 277 S.W.2d loc. cits. 591, 592.

Defendant's third assignment of error: "3. The Court erred in giving Instruction No. One, to which the giving the defendant excepts."

This assignment has not been preserved for review for two reasons: (1) The assignment is too general. Supreme Court Rule 27.20; State v. Harmon, Mo.Sup., 243 S.W.2d 326, 332 [12]; State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335, 343 [15]; State v. Gaddy, Mo.Sup., 261 S.W. 2d 65, 67 [2]; State v. Burks, Mo.Sup., 257 S.W.2d 919, 920 [1]. (2) Defendant did not object to the giving of the instruction at the time it was offered and read to the jury. State v. Richardson, Mo.Sup., 315 S.W.2d 139, and cases cited.

An examination of the record indicates that the information, verdict, allocution, judgment and sentence are in due and proper form.

The judgment and sentence are affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.