STATE of Missouri, Respondent,

v.

John Allen BROWN, Jr., Appellant.

No. 49221.

Supreme Court of Missouri,
Division No. 1.

Oct. 8, 1962.

Thomas F. Eagleton, Atty. Gen., Carl R. Gaertner, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

COIL, Commissioner.

A jury convicted John Allen Brown, Jr., of robbery in the first degree and fixed his punishment at ten years in the state penitentiary. He has filed no brief on his appeal from the ensuing judgment and thus we examine the assignments of error contained in his motion for new trial.

■ Assignment 4 charges that the trial court erred in failing to sustain defendant's motion for judgment of acquittal at the close of the state's case. Defendant offered evidence in his defense and thereby waived the motion. State v. Hutchin, Mo., 353 S. W.2d 701, 702 [2].

■ Defendant's assignment 5 challenges the sufficiency of all the evidence to have made a submissible case. The evidence viewed from a standpoint favorable to the state tended to show that Richard Davis was employed at a Gold Crown Liquor Store in Kansas City and, about 11:20 on the night of May 23, 1961, he was in the store talking with a customer, Mr. Halsey, when a man, later identified as the defendant, grabbed him around the neck, pointed a revolver at both Davis and Halsey, forced them into a rear room where defendant took their money and shot and wounded Halsey. Davis and Halsey were then ordered to the basement. When they discovered that defendant and another man, apparently with defendant, had left, they returned to the store, called the police, and discovered that $40 had been taken from the cash register. Davis later identified the man who grabbed him around the neck, pointed the gun at him, and took his money, as the defendant. Defendant and a companion were arrested in the early morning of May 25, 1961, and, while being searched, a revolver dropped from defendant's clothing to the ground. The bullet which wounded Halsey at the time of the robbery had been fired from that gun.

It is apparent from the foregoing summary of the evidence that a jury reasonably could have found that defendant feloniously took money from Davis's person against his will by putting him in fear of immediate injury to his person, and was thereby guilty of robbery in the first degree. Section 560.-120 RSMo 1959 and V.A.M.S.

■ Defendant's new trial assignment 1 is that the trial court "erred in refusing defendant's instruction numbered —— as to alibi and giving the State's instruction numbered five (5) as to alibi." The foregoing specification is too general to preserve any-

thing for appellate review. Supreme Court Rule 27.20, V.A.M.R.; State v. Gannaway, Mo., 313 S.W.2d 653, 655 [2]. We have, nevertheless, examined the alibi instruction given by the trial court and find that it adequately submitted the alibi defense.

■ Assignment 2 complains of that portion of the "presumption of innocence" instruction which told the jury that a doubt to authorize an acquittal ought to be a substantial doubt and not a mere possibility of defendant's innocence. The entire paragraph which contained the phrase to which objection is made was the second paragraph of instruction 4. The first paragraph told the jury that the law presumed defendant's innocence and that the presumption entitled defendant to an acquittal unless the evidence as a whole satisfied the jury of defendant's guilt beyond a reasonable doubt. The second paragraph was: "The Court instructs the jury that if they have a reasonable doubt of defendant's guilt, they should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt and not a mere possibility of defendant's innocence." The instruction does not, as defendant contends in his motion for new trial, place "the burden of proof of his innocence upon defendant," nor does it weaken the state's burden "of proof beyond a reasonable doubt." State v. Drake, Mo., 298 S.W.2d 374, 377 [7, 8].

■ Assignment 3 that the verdict of the jury was contrary to the law and evidence in the case "in that the evidence is not inconsistent with the innocence of the defendant" was too general to preserve anything for appellate review. Supreme Court Rule 27.20; State v. Townsend, Mo., 327 S.W.2d 886, 887 [2].

■ Assignment 6 is that the trial court "erred in limiting and refusing to permit defense counsel to cross examine the State's witnesses as to what they remembered that they testified to in two previous trials of this defendant and in admonishing defense counsel upon his attempt to do so, for purpose of impeachment." It is doubtful that the foregoing is sufficiently specific to preserve any question for appellate review. See State v. Pitts, Mo., 282 S.W.2d 561, 563 [10], and State v. Brewer, Mo., 325 S.W.2d 16, 19 [7]. We have, nevertheless, examined the record with respect to the error assigned. Defendant apparently refers to two instances in which the trial court indicated to defendant's counsel that he could not cross-examine the state's witnesses concerning their testimony at a prior trial of the same case or at a prior deposition unless he had before him a transcript of the witnesses' testimony. The difficulty with defendant's position is that in neither of the instances in question does the record show either that defendant's counsel was in fact deprived of the opportunity to elicit whatever information he desired or that defendant's counsel was not satisfied to abide by the court's view with respect to cross-examination as it was explained to him. Defendant's counsel made no objection to the court's rulings and, on the record before us, we properly may not hold that the trial court unduly limited defendant's counsel's cross-examination of the state's witnesses.

■ Assignment 7 complains of the admission in evidence of two records of the Western Union Telegraph Company purporting to show that defendant purchased a money order on a certain day. Defendant objected on the ground that the exhibits were inaccurate. His motion for new trial charges that the witness who identified the records did not make them nor was he the custodian of them at all times during the company's business hours. As noted, defendant was arrested in the early morning of May 25. Defendant testified that shortly prior to his arrest he had been at a certain Western Union office purchasing a money order. In rebuttal, the state adduced the office manager of the Western Union office who identified Exhibit 16 as an office record, a copy of a receipt for a money order that had been issued to John Brown, Jr., at 5:25 a. m. on May 24, 1961, and identified Ex-

hibit 15 as an office record, a daily cash report for May 24, 1961, indicating that the money order in question was issued on May 24, 1961. The witness testified that both exhibits were records made in the usual course of business of Western Union; that Exhibit 16 was made under the witness's supervision at the time of the issuance of the money order, and Exhibit 15 was made at the completion of an employee's regular daily tour of duty on May 24.

■ It is, of course, settled that an assignment of error as to the admissibility of evidence does not preserve a question for appellate review where the reasons assigned in the motion for new trial were not presented to the trial court at the time of the objection to the evidence. State v. Hernandez, Mo., 325 S.W.2d 494, 496 [3]. Furthermore, it is apparent from the above-stated testimony concerning the exhibits in question that they were admissible under the Uniform Business Records as Evidence Law. Sections 490.660–490.690 RSMo 1959 and V.A.M.S. See Allen v. St. Louis Public Service Co., 365 Mo. 677, 285 S.W.2d 663, 666 [1–3], 55 A.L.R.2d 1022.

■ Assignment 8 complains of allegedly prejudicial and inflammatory argument by the prosecuting attorney in that he was, according to defendant, permitted to point a revolver in the direction of the jury and pull the trigger, and to express his opinion that the defendant was guilty, and to indicate that he knew more about the case than the jury had been told. An examination of the record shows that there was no objection made to any portion of the prosecutor's argument which possibly could fall within any of the categories of argument indicated by assignment 8. Defendant, having failed to object at the time of the argument, may not now complain. State v. Smith, Mo., 324 S.W.2d 702, 706 [4]. There is no claim in defendant's motion, nor properly could there have been, that the argument was of a nature or type which called for the intervention of the court on its own motion.

■ Assignment 9 complains that the court failed to instruct to the effect that the jury should not "engage in or be swayed by guess, speculation, conjecture or suspicion, no matter how strong their suspicion might have been in arriving at their verdict." It is apparent that the suggested subject matter did not constitute a question of law upon which the trial court was required to instruct by the provisions of Supreme Court Rule 26.02, inasmuch as such matters were clearly collateral. The trial court was not required to instruct of its own motion on collateral matters and the record shows that no instruction covering the suggested subjects was offered by the defendant. See State v. Chaney, Mo., 349 S.W.2d 238, 240.

■ Assignment 10 charges the trial court with error for admitting in evidence the rebuttal testimony of a witness who stated that the gun which was used in the holdup looked like a gun the witness had theretofore delivered to Covington as security for a loan (Covington was the person arrested with defendant), for the stated reason that the witness testified that the gun he gave Covington was a 38-caliber revolver when the gun used in the holdup and in evidence was a 32-caliber revolver. The record shows that the witness also said he was not sure of the caliber of the gun he gave Covington. There is no merit in the contention because defendant made no objection to the witness's testimony for the reasons he now urges and, in any event, it is clear that the testimony was properly admitted. Any discrepancy in the witness's description of the gun he gave Covington compared with the gun used in the holdup affected the weight of the testimony and not its admissibility.

■ The eleventh and last assignment of error alleges that since his conviction defendant has discovered new evidence "which completely exonerates him to-wit; a written statement of David Covington, a copy of which is attached hereto." Covington's statement asserted that the robbery

for which defendant Brown was convicted was in fact committed by Covington and a companion known as "Bubba," and that the defendant had nothing to do with it. The record shows that a document titled "Affidavit of Newly Discovered Evidence" apparently was filed on November 29, 1961, the same day defendant's notice of appeal was filed and nine days after defendant had been sentenced in accordance with the verdict. The affidavit asserted that the newly discovered evidence consisted of a summons issued to the defendant by the Kansas State Highway Patrol on May 24, 1961, at 4:15 in the afternoon, and that the summons was discovered by defendant's wife on November 25 at his home among some of his personal papers. Defendant's "affidavit" seems to proceed on the theory that establishing his presence in Kansas at 4:15 p. m. on May 24, 1961, would impeach the testimony of the state's rebuttal witness, the office manager for Western Union, to the effect that the records showed that defendant obtained a Western Union money order at 5:25 a. m. on May 24 rather than on May 25 as defendant had testified. We are unable to follow defendant's theory but, in any event, as was stated in State v. Pinkerman, Mo., 349 S.W. 2d 951, 953 [4–6]: " * * * to secure a new trial on the ground of newly discovered evidence it devolved upon appellant to show that the evidence first came to his knowledge after the trial; that it was not due to lack of diligence that it did not come sooner; that it was so material that it would probably produce a different result on a new trial; that it was not merely cumulative; that the object of the testimony was not merely to impeach the character or credit of a witness, and the affidavit of the witness himself should be produced, or its absence accounted for. State v. Brotherton, Mo.Sup., 266 S.W.2d 712, 718."

■ The Covington statement attached to the motion for new trial was not in the form of an affidavit; there was no showing that the evidence therein set forth first came to defendant's knowledge after the trial; and it appears from the evidence in the case that Covington and defendant were friends and were arrested together, indicating that Covington could have been produced by defendant to testify at the trial. The affidavit filed by defendant at the time he filed his notice of appeal, irrespective of all other reasons, is insufficient to warrant the granting of a new trial, because, even on defendant's theory, it would serve no purpose other than to impeach the rebuttal testimony of the Western Union office manager; and newly discovered impeaching testimony, as noted in the Pinkerman case, supra, does not justify the granting of a new trial.

We have examined those record matters which we are required to review and find no error in connection with them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.