**Robert MARSHALL, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

April 10, 1975.

Certiorari Denied by Supreme Court Sept. 2, 1975.

John C. Littleton, Chattanooga, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Stephen M. Bevil and Robert J. Batson, Asst.

Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Robert Marshall, appeals in error from his conviction of robbery by means of a deadly weapon and his sentence of 15 years in the penitentiary.

The state's evidence showed that on March 11, 1974, at about 9:00 P.M., the defendant entered Stop N Go Market in Chattanooga and robbed the cashier, Mrs. Lois Garrison, with her own pistol of about $150 in the cash register as well as her handbag containing her money and valuables. She was alone in the store at the time of the robbery. The defendant ordered her to lie down in a back room and then fled the store.

Mrs. Garrison positively identified the defendant at the trial. She had previously picked his photograph from four submitted to her by an officer.

Testifying in his own behalf, the defendant denied participation in the robbery and relied on an alibi, saying that he was at home at the time of the robbery. The woman with whom he lived corroborated this testimony. He further said he had never been in the Stop N Go Market but he then admitted that he was arrested there.

Anna Mae Ellis and her son, Willie Ellis, Jr., testified that they saw a man run from the store that night and he was not the defendant. She placed the time at 11:00 P.M. and her son fixed it at about 10:00 or 10:30 P.M. She said Mrs. Garrison was standing behind the counter when the man fled and her son said he saw three people then in the store. By the victim's testimony, she was lying on the floor in a back room at that time; there were no other people in the store when the robber fled and that the robbery occurred at a different hour.

The jury accepted the state's theory and resolved the conflicts in the testimony. The evidence does not preponderate against the verdict and the assignment on the weight of the evidence is overruled. See *Holt v. State,* 210 Tenn. 188, 357 S.W.2d 57.

The defendant says the court erred in instructing the jury that a reasonable doubt was a substantial doubt. The instructions, in part, were:

"If you find that the insistence of the State is established, by the proof beyond a reasonable doubt, it will be your duty to convict the defendant of the offense named or comprehended in this indictment.

"On the other hand, it is the insistence of the defendant that he is not guilty of this crime. If you find this insistence to be established by the proof, or if you have a reasonable doubt as to whether it has been established or not, it will be your duty to acquit him.

"You enter upon the investigation of this case with the presumption that the defendant is not guilty of any crime, and this presumption stands as a witness for him until it is rebutted and overturned by competent and credible proof. It is, therefore, incumbent on the State, before you can convict the defendant, to establish to your satisfaction beyond a reasonable doubt, that the defendant committed the offense of robbery as charged in the indictment.

"Reasonable doubt means an honest misgiving on your part, touching the guilt of the defendant, arising out of the proof in the case, and is such a doubt as your reason entertains and sanctions as a substantial doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense."

The defendant relies on *Frazier v. State,* 117 Tenn. 430, 100 S.W. 94.

The instructions on this subject were patterned after language in *Purkey v. State,* 50 Tenn. 26, where the court remarked in dicta that "A reasonable doubt is an honest misgiving as to the guilt of the defendant upon the proof, which the reason entertains and sanctions as a substantial doubt." In *Frazier* the Supreme Court disapproved the use of the terms "substantial" and "well-founded" in defining reasonable doubt although the case was reversed for failure to mention reasonable doubt until the concluding paragraph. It does not hold that the use of the term "substantial" in itself is reversible.

█ The court in a number of places in the instructions charged the jury that before conviction the guilt of the defendant must be proved to the satisfaction of the jury beyond a reasonable doubt. The court's instructions on reasonable doubt as a whole did not mislead or confuse the jury, but, on the contrary, assisted the jury in understanding the difference between a reasonable doubt and one based on some vague reason. We find no reversible error in the use of "substantial", but in view of *Frazier* we think trial judges could well avoid the use of this term in defining reasonable doubt. This assignment is overruled.

█ The defendant also says the court failed to charge that each material element must be proved beyond a reasonable doubt, relying instead on a mere moral certainty as to each proposition of proof. He also relies on *Frazier v. State,* supra, for support of this assignment.

The use of this language on moral certainty is approved in *Hardin v. State,* 210 Tenn. 116, 122, 355 S.W.2d 105. Further, the court stressed reasonable doubt throughout the instructions, particularly on the quantum of proof required on the alibi and identity issues. The charge must be viewed and its fairness determined from a full reading and isolated excerpts should not be taken out of context. See *Wallace v. State,* Tenn.Cr.App., 500 S.W.2d 629.

All assignments are overruled and the judgment is affirmed.

GALBREATH and DWYER, JJ., concur.