Lawrence SMITH, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

March 14, 1977.

Jesse O. Farr, Chattanooga, for petitioner.

R. A. Ashley, Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Jerry Sloan, Asst. Dist. Atty. Gen., Chattanooga, for respondent.

HENRY, Justice.

We granted certiorari in this criminal action for the purpose of reviewing the action of the Court of Criminal Appeals in affirming petitioner's conviction of selling a controlled substance under Schedule II, of the Drug Control Act, with punishment fixed at not less than seven (7) nor more than ten (10) years in the state penitentiary.

The only complaint which causes us any concern is the petitioner's fifth assignment of error wherein he charges that the court's instructions to the jury, relating to the burden of proof, were erroneous.[1] These instructions were as follows:

The defendant pleads not guilty, and under his plea he is presumed to be innocent, and cannot be convicted until that presumption is overcome by proof, and his guilt established to your satisfaction beyond a reasonable doubt. By reasonable doubt is meant an honest misgiving on your part touching the guilt of the defendant arising out of the proof, and is such a doubt as reason entertains and sanctions as a *substantial* doubt. The law does not require absolute certainty in criminal cases, but *moral certainty* is required to establish the guilt of the defendant. (Emphasis supplied).

Specifically, petitioner complains of so much of these instructions as equates "reasonable" doubt with "substantial" doubt.

Perhaps the leading Tennessee case pertinent to this issue is *Frazier v. State*, 117 Tenn. 430, 100 S.W. 94 (1906), wherein the pertinent portion of the charge was as follows:

Where a reasonable doubt exists in the mind of the jury as to the guilt of the defendants, or either of them, of any one of the offenses charged, the defendants must have the benefit of that doubt, and they nor either of them should be convicted of any offense of which the jury entertains a *reasonable and substantial and well founded doubt.* (Emphasis supplied). 117 Tenn. at 453, 100 S.W. at 100.

The Court held this charge to be reversible error; however, it should be pointed out that the Court was very obviously concerned with the cumulative effect resulting from the reiteration of the words and phrases "well founded doubt" and "substantial doubt". It should further be noted that the Court was also concerned with "the utter failure to refer to the doctrine of reasonable doubt in other parts of the charge where it should have been, . . ." 117 Tenn. at 465, 100 S.W. at 103.

The Trial Judge in the instant case, except to the extent above quoted, gave a most excellent and well reasoned charge to the jury, constantly reiterating the reasonable doubt standard.

In *McCloudy v. State*, 513 S.W.2d 192 (Tenn.Cr.App.1974), cert. denied July 15, 1974, the Court of Criminal Appeals, without setting out the charge, and without discussion, simply stated the problem and solution as follows:

Plaintiff-in-error next complains of the use of the phrase "substantial doubt" in explaining the concept of reasonable doubt to the jury. We have considered this alleged error in light of the charge as a whole and find that the jury was properly instructed. 513 S.W.2d at 195.

Thereafter, there came before another panel of the Court of Criminal Appeals, the case of *Marshall v. State*, 528 S.W.2d 823 (Tenn.Cr.App.1975), with certiorari denied by this Court as presently constituted, a case which arose in the same trial court as the instant case, wherein the Court used the

---

1. We have reviewed the record and find all remaining assignments of error to be without merit.

phraseology "substantial doubt". The Court affirmed the judgment but made the following pertinent comment.

We find no reversible error in the use of 'substantial', but in view of *Frazier* we think trial judges could well avoid the use of this term in defining reasonable doubt. 528 S.W.2d at 825.

In *United States v. Atkins*, 487 F.2d 257 (8th Cir. 1973), a charge equating reasonable doubt with substantial doubt came under the court's scrutiny. The court said:

The objection made on this appeal is that 'substantial' doubt is not the equivalent of 'reasonable' doubt. We agree. Proof of guilt beyond a reasonable doubt would seem to require a greater evidentiary showing by the Government than proof of guilt beyond a substantial doubt. For this reason, we do not approve of the alternative statement that reasonable doubt means a substantial doubt. 487 F.2d at 260.

The *Atkins* court by footnote 2 of its opinion quotes the following pithy comment from the concurring opinion of Justice Seiler of the Missouri Supreme Court in *State v. Davis*, 482 S.W.2d 486, 490 (Mo.1972).

'Reasonable' and 'substantial' are not synonymous, as can be seen by referring to any of the standard dictionaries. The point was well put by counsel in argument recently where he pointed out that if one had to undergo a serious operation and were querying the doctor as to the prospects for a successful outcome, how differently the person would feel if the doctor told him there was only a reasonable chance of success as opposed to being told that there was a substantial chance of success. *Ibid.*

Other pertinent cases are *United States v. Bridges*, 499 F.2d 179 (7th Cir. 1974), and *United States v. Alvero*, 470 F.2d 981 (5th Cir. 1972).

▮ We think that there is a significant difference between "reasonable" doubt and "substantial" doubt. The word substantial, according to Webster's New World Dictionary (1961), means "real; actual; true; strong; solid; firm; ample; large; or of substantial value". We think that when consideration is given to the definition and ordinary meaning of this word, there is little doubt but that its use tends to lessen the State's burden and as a natural corollary to increase the burden upon the defendant. We accept the reasoning and the import of *Frazier, supra,* and embrace the clear instructions of the Court of Criminal Appeals in *Marshall*. We hold this to be error, but not prejudicial, under the facts of this case. In the future, juries in criminal cases shall not be instructed in such a manner as to indicate that reasonable doubt is in any sense synonymous with substantial doubt.

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

