**STATE of Missouri, Respondent,**

v.

**William L. BROADNAX, Appellant.**

**No. KCD 29570.**

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Robert A. Simons, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was indicted, tried to a jury, found guilty, and sentenced to one hundred years imprisonment for second degree murder (Sec. 559.020, RSMo 1969). The victim was defendant's wife.

The sufficiency of the evidence to support the guilty verdict stands unchallenged. A brief recapitulation of the salient facts explains why it has not been challenged. The victim's son and defendant's stepson, being one and the same person, testified that during the evening of October 4, 1976, he saw defendant bludgeon the victim alternately and repeatedly with an electric iron and a baseball bat. The fatal beating took place in the bedroom of an apartment occupied by the family. A forensic pathologist who had performed an autopsy upon the body of the victim testified that "extensive bruising" was observed on and about the "arms, chest, upper back and the head or face" of the victim, "lacerations of the scalp" were observed on the "upper forehead", "right side above the right ear" and "above the left ear" of the victim, and a "laceration" was observed on the left arm of the victim. The forensic pathologist further testified that in her opinion the victim "died as a result of a beating around the head, with a cerebral concussion."

Fifteen photographs, seven of which were post-mortem pictures of the victim's body taken from different angles showing the various bruises and lacerations which had been inflicted upon the victim, seven of which were pictures of the scene of the crime taken from different views, and one of which was a picture of a blood stained electric iron found at the scene, were all properly identified and admitted in evidence. Five other items of demonstrative evidence, the electric iron heretofore referred to, a blood stained [1] baseball bat, a blood stained wig, a blood sample [2] removed from the top portion of the electric iron heretofore referred to, a blood sample [3] removed from the "side" of the electric iron heretofore referred to, and two fibers of "hair" [4] removed from the floor immediately under where the electric iron heretofore referred to was discovered, all of which were obtained at the scene of the crime, were properly identified and admitted in evidence.

The sole point relied upon by the defendant on appeal charges that the trial court "abused its discretion by admitting into evidence state's exhibits for the reason that the exhibits were repetitious, highly inflammatory, and tended only to inflame the passions of the jury." The obvious frailty of defendant's singular point vis-a-vis compliance with Rule 84.04(d), occasioned by a failure to specifically mention any particular exhibit or exhibits, will be charitably overlooked as the particular exhibits involved are those heretofore mentioned, all as readily gleaned from the argument portion of defendant's brief.

The only objections lodged by defendant regarding admission of the various items of demonstrative evidence heretofore mentioned, both during trial and in his motion for new trial, were to the effect that they tended to "inflame the jury", that they were "unduly inflammatory", that they "unduly inflamed the jury", and that they were introduced "to inflame the passions of the jury unduly and unfairly". It is well settled that assignments of error as to the admissibility of evidence are not preserved

---

1. Identified by a forensic chemist as "human blood".

2. Identified by a forensic chemist as "human blood" of the same "type" or group as that of the victim.

3. Identified by a forensic chemist as "human blood" of the same "type" or group as that of the victim.

4. Identified by a forensic chemist as matching two of the three types of fiber contained in the blood stained wig admitted in evidence.

for appellate review unless presented during trial at the time objections are lodged against the complained of evidence. *State v. Davis*, 482 S.W.2d 486, 489 (Mo.1972); *State v. Brown*, 360 S.W.2d 618, 621 (Mo. 1962); *State v. Hernandez*, 325 S.W.2d 494, 496 (Mo.1959), and *State v. Washington*, 320 S.W.2d 565, 568 (Mo.1959). It is equally well settled that a party will not be permitted to broaden the scope of his objection on appeal beyond that made at the trial level. *Dyer v. Globe-Democrat Publishing Co.*, 378 S.W.2d 570, 582 (Mo.1964). Perforce, defendant's charge that the various items of demonstrative evidence were "repetitious" will not be considered.

 Resolution of defendant's single point now turns on whether the various items of demonstrative evidence possessed such an inflammatory aura that the trial court abused its discretion in admitting them in evidence. For sake of clarity the photographs, on the one hand, and the remaining items of demonstrative evidence, on the other hand, will be discussed separate and apart from each other. First, attention focuses on the photographs. This court is frank in stating that the photographs, whether viewed singularly or collectively, do not appear unduly gruesome, repugnant or shock provoking, particularly when considered anent the oral testimony of various witnesses offered by the state. *State v. Love*, 546 S.W.2d 441, 451–52 (Mo. App.1977), laced with a plethora of case authority, fully repels defendant's attack upon the photographs. As pointed out in *State v. Love*, supra, at 451, even though photographs possess a prejudicial and inflammatory aura their admission in evidence is not barred if they are otherwise relevant and have probative value, and in the context just mentioned they are deemed to have probative value "if they show the nature and location of wounds inflicted upon a deceased", "if they enable the jury to better understand the facts elicited from various state witnesses", "if they corroborate the testimony of the state's witnesses", and "if they aid in establishing any element of the state's case". In order to avoid being unduly prolix, it suffices to say that each of the photographs attacked by defendant met one or more of the tests for probativeness laid down in *State v. Love*, supra. The trial court was in a far better position than this court to balance the probative value of the photographs against any propensity they might have to work upon the raw emotions of the jury. The trial court, as evidenced by its rulings, concluded that their probative value outweighed any inflammatory effect which might be attributed to them. Because of the superior vantage point occupied by trial courts to "read the scales" when such opposing considerations are weighed, common sense dictates that they be vested with broad discretion in admitting or rejecting photographs such as those in question. *State v. Love*, supra. This court concludes that the trial court did not abuse its discretion in admitting the photographs in evidence.

 As to the remaining items of demonstrative evidence, the propriety of admitting them in evidence turns on essentially the same considerations as those governing the photographs. Such evidence is generally deemed admissible if it tends to connect the accused with the crime, or prove the identity of the deceased, or shows the nature of any wounds, or corroborates the testimony of the state's witnesses, or throws any relevant light upon any material matter in issue. *State v. Brandt*, 467 S.W.2d 948, 951–52 (Mo.1971), and *State v. Shawley*, 334 Mo. 352, 67 S.W.2d 74, 82 (1933). One does not need to give way to credulity to conclude that the remaining items of demonstrative evidence met one or more of these criterions for admission. As before, broad discretion was reposed in the trial judge to balance the probative value of the remaining items of demonstrative evidence with any inflammatory aura which might surround them. Once again, the trial judge obviously concluded that the probative value of the remaining items of demonstrative evidence outweighed any propensity they might have to "inflame the passions of the jury".

The probative value of all of the demonstrative evidence in question would have to be unrealistically minimized by this court in order to shift the balance and pave the way to brand the trial court with an abuse of discretion. Doing so would emasculate both the law and the facts.

Judgment affirmed.

