**STATE of Missouri, Respondent,**

v.

**Michael FEDRICK, Appellant.**

**No. 40109.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 1980.

Kevin M. O'Keefe, Lang & O'Keefe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Donna G. Bowles, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Michael Fedrick guilty on three counts of selling heroin. (§§ 195.017 and 195.020 RSMo. Supp. 1975). The trial court sentenced him, as a prior felon, to imprisonment for three consecutive six-year terms. Defendant appeals.

The state's evidence was that on March 22, 23 and 25, 1977 defendant sold to an undercover agent varying quantities of substances later identified as heroin by two police chemists. On appeal defendant only challenges evidence of the identity of the substances sold.

In his motion for new trial defendant's ground for a new trial was: "The criminalists presented by the state were unqualified as experts and lacking independent recollection as to the nature of the substances identified as heroin." The record refutes this challenge. Each chemist was shown by education and experience to be an expert in identification of heroin and each recalled that the tested substances were heroin.

On appeal defendant raises two points which go beyond his quoted after-trial motion and therefore preserve nothing for review. *State v. Davis,* 482 S.W.2d 486[6–8] (Mo. 1972). On our own motion we review the points looking for plain error affecting defendant's substantial rights. V.A.M.R. § 27.20(c).

In his brief defendant contends the trial court erred in permitting the opinion testimony by each of the two chemists that the seized substances were heroin; this on

the vague ground the witnesses "did not present sufficient reliable facts to justify the opinions expressed". The witnesses testified each exhibit was subjected to multiple, standard chemical tests for suspected narcotics. Admitting this opinion testimony by unchallenged experts was not an abuse of the trial court's discretion. *State v. Stevens*, 467 S.W.2d 10[12] (Mo. 1971).

█ Defendant also contends in his brief the trial court erred in admitting into evidence copies of laboratory tests previously written by one of the chemists; this on the ground the reports were hearsay and not the best evidence. We find no merits to either contention. In any event the claimed error was not prejudicial because the chemist had already testified independently to the same facts and opinion related in the challenged reports. Compare *Hood v. Heppler*, 503 S.W.2d 452[6–8] (Mo.App. 1973).

We find neither preserved nor plain error affecting defendant's substantial rights.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.