THE STATE OF ARKANSAS VS. JOURDAN.

1. INDICTMENT: *Joinder of distinct larcenies.*
   Under the statute, separate and distinct larcenies cannot be joined in the same indictment, and where more than one offense is charged in an indictment, the prosecuting attorney may on demurrer, be required to elect for which he will prosecute.

2. ————:
   Where two or more counts are used in order to charge the ownership of the property in different persons, so as to meet contingencies of the evidence, as to the ownership, the prosecuting attorney should state that fact to the court on the demurrer, and make it appear of record that only one offense was intended. But under sec. 1786, Gantt's Dig., it seems to be unnecessary to add a second count to obviate uncertainty in the evidence, as to the name of the party injured.

APPEAL from *Sharp* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

*Attorney General* for the State.

ENGLISH, CH. J.:

The appellee, Doctor Jourdan, was indicted in the Circuit Court of Sharp County, for larceny. There were two counts in the indictment; the first count charging, in substance :

That the defendant, on the 10th of November, 1876, at, etc., one steer of the value of $15, and one other steer of the value of $15, of the property of one M. G. Wainright, then and there being found, feloniously did steal, take and carry away, etc.

The second count charged :

That the said defendant, on the 10th of November, 1876, at etc., one ox of the value of $15, and one other ox of the value of $15, the property of one J. B. Atkinson, then and there being found, feloniously did steal, take and carry away, etc.

The defendant demurred to the indictment, on the ground that it charged him with more than one offense ; the court sustained

the demurrer, with leave to the State to elect on which count of the indictment she would prosecute; the prosecuting attorney declined to make such election, whereupon the court gave judgment dismissing the cause and discharging the defendant; and the State appealed.

Under the statute separate and distinct larcenies cannot be joined in the same indictment. Gantt's Dig., sec. 1783.

Where the indictment improperly charges more than one offense, on demurrer, the prosecuting attorney may be required to elect upon which count, or for which of the offenses charged, the State will prosecute. Ib., secs. 1837, 1840; *Baker* v. *State*, 4 Ark., 56.

It is submitted by the Attorney General that but one offense is charged in this indictment; that steers in the first count, and oxen in the second, are synonymous; and that the ownership of the animals was alleged to be in different persons, in the two counts, as well it might be, to meet any doubt that might arise on the evidence as to the ownership.

In the first count appellee is charged with stealing two steers, the property of M. G. Wainwright; in the second, with stealing two oxen, the property of J. B. Atkinson.

It is true that steer and ox have about the same meaning. See Webster. But we do not know; there being nothing in the record to show it, that two counts were inserted in the indictment for the purpose of meeting uncertainty in the evidence as to the ownership of the animals. Two larcenies are apparently charged in the same indictment—larceny of the steers of Wainright, and larceny of the oxen of Atkinson. If the prosecuting attorney, in drafting the indictment intended in fact, to charge but one offense, and inserted the second count to obviate uncertainty in the evidence as to the ownership of the animals, he should have stated that fact to the court, on the interposing of the demurrer, and made it appear of record.

It seems, however, that under a provision of the Criminal Code, an error in the indictment as to the name of the party injured, is not fatal on the trial. Gantt's Dig., sec. 1786. Hence, it seems to be unnecessary now to add a second count, to obviate uncertainty in the evidence as to the name of the party injured.

Affirmed.