RAGAR *v.* STATE.

Opinion delivered February 10, 1930.

1132

*Clary & Ball* and *Duval L. Purkins,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of assault with intent to kill and sentenced to five years in the penitentiary, on an indictment charging, in three counts, (1) an assault with intent to kill R. T. Hester by shooting him with a shotgun; (2) an assault with intent to kill Mrs. George Hester in the same manner, and (3) an assault with intent to kill George Hester in the same manner. To this indictment, a general demurrer was filed, and also a specific demurrer on the grounds that it charged three separate and distinct crimes, and was in effect three separate indictments for separate and distinct offenses; that appellant was entitled to know before the trial what crime he is charged to have committed; that it failed to apprise him of the manner and mode of the commission of the crime for which he would be tried; that appellant could not prepare himself for trial without knowing what crime was charged against him. There was also a motion to require the State to elect upon which one of the three counts in the indictment he would be tried, alleging for grounds substantially the same as set up in the specific demurrer. The court overruled the demurrers and motion to elect, the prosecuting attorney making the following declaration of record: "The indictment No. 972 charges only one crime, one act of assault with intent to kill, and same having been committed by firing through a closed door into the room in which George Hester, Mrs. George Hester and R. T. Hester were, after threats having been made that the defendant was going to kill the whole

family, the immediate threats before the shots having been addressed to Mrs. George Hester. The shotgun having been fired through a closed door, and having struck R. T. Hester, George Hester and Mrs. George Hester not having been within the range of the discharge of the gun, and the defendant is apprised of the fact that he is placed upon trial for one crime of assault with intent to kill, and only one crime being charged.''

For a reversal of the judgment of conviction appellant first says the court erred in overruling the demurrers and the motion to elect. We deem it unnecessary to set out the facts, as only questions of law are presented for our determination. The undisputed proof shows that appellant fired a shotgun through a closed door into a room where each of the parties named into three counts of the indictment were. When the demurrer and motion to elect were presented to the court, the prosecuting attorney made the statement heretofore set out which specifically stated that the indictment charged only one crime. It showed that the State sought only one conviction. The indictment, while charging an assault on three people, refers to one transaction or to facts growing out of the same transaction, all taking place at the same time, and, when taken in connection with the statement of the prosecuting attorney, shows that no possible prejudice could have resulted to appellant in overruling the motion to require the State to elect. Nor was the indictment open to demurrer on the grounds stated. In *State* v. *Jourdan*, 32 Ark. 203, the court said: ''If the prosecuting attorney, in drafting the indictment intended in fact to charge but one offense, and inserted the second count to obviate uncertainty in the evidence as to the ownership of the animals, he should have stated that fact to the court, on the interposing of the demurrer, and made it appear of record.'' That is exactly what the prosecuting attorney did in this case.

In 14 R. C. L., page 197, it is said: "It is universally held that an indictment or information may charge different offenses covered by the same transaction in all the various ways necessary to meet the possible phases of evidence that may appear at the trial. The rule just stated has been applied to counts charging distinct felonies relating to the same transaction, with the qualification in some of the cases, that the felonies so charged are of the same grade and belong to the same family of crimes, and are subject to the same mode of trial and nature of punishment. It will be assumed that the intention was to charge but one offense, where all the counts are manifestly based upon one and the same transaction." See also Clark's Criminal Procedure, 2d ed. p. 338; Kelly's Criminal Law of Procedure, 4th ed. p. 159; Joyce on Indictments, 2d ed. p. 668. In Kelly's Criminal Law of Procedure, *supra*, the general rule upon the question is stated as follows: "Where the several counts evidently refer * * * to one transaction and one offense, he will not be compelled to elect, and where it may be doubtful upon the face of the indictment whether the intention is to charge more than one felony, he will not be compelled to elect, if he will declare that the charges relate to one transaction, and that he means to convict on one felony only."

We are therefore of the opinion that the indictment was not defective as against demurrer or on motion to elect, since it charged only one offense, and, even though on its face it might be said to charge separate offenses, yet, when taken in connection with the statement of the prosecuting attorney, it charged only one offense, and the court did not err in overruling the demurrer and motion.

It is next said the court erred in giving instruction No. 15 as follows: "You are instructed that an assault is an unlawful attempt, coupled with the present ability to commit a violent injury upon the person of another,

and you are told in this case that the actual hitting of the person is not necessary to constitute the crime charged, and if you believe beyond a reasonable doubt that the defendant at the time he fired the shot had in his mind the specific intent to kill either George Hester or Mrs. George Hester or R. T. Hester or all of them, and that, had death ensued, the crime would have been murder, defendant would be guilty of assault with intent to kill, even though the shot did not hit the one the defendant intended to kill, but did hit one of the mentioned parties whom the defendant did not intend to kill.''

The evidence shows that appellant walked some distance away from the duplex apartment in which he and the Hesters lived in separate apartments, procured a shotgun, returned and fired through a closed door into the room where the three parties named in the indictment were, after having made the statement that he intended to kill the whole family, severely wounding R. T. Hester, a young man who was at home sick. Mr. Michie says: ''Where one shoots into a crowd, not caring whom he may kill, with the intent to kill some one of them, it is an assault with intent to kill each of them.'' Michie on Homicide, vol. 1, p. 285. In 30 C. J., p. 25, it is said: ''Where a person fires into a crowd indiscriminately, with intent to kill some one, it is an assault with intent to kill each of them.'' In *Scott* v. *State*, 49 Ark. 156, 4 S. W. 750, the court said: ''Doubtless shooting into a crowd is an assault upon each member of the crowd.'' (Citing cases).

The instruction complained of is undoubtedly correct in telling the jury that if appellant had the specific intent to kill either of the parties or all of them, and, had death resulted, the crime would have been murder, he would be guilty of assault with intent to kill, even though the shot hit one not intended to be killed. Mr. Wharton says: ''Where a blow aimed at one person lighteth upon another and killeth him, this is murder. Thus A., having

malice against B, strikes at and misses him, but kills C, this is murder in A." 2 Wharton, Crim. Law, § 965, quoted in *Lacefield* v. *State*, 34 Ark. 275. The doctrine in that case is that where one, intending to kill A, shoots and wounds B, he cannot be convicted of assault with intent to kill B. But where he shoots into a room containing three persons with intent to kill one or all of them, under such circumstances that if death had resulted it would be murder, then he would be guilty of the crime charged, whether he hit any one of them or not, or if he hit one not intended, because he did intend to kill one of them, and was so charged in the indictment. If he had been charged with assault to kill R. T. Hester only and the proof had shown that shooting him was accidental, that he intended to kill George Hester, then the rule announced in the Lacefield case and followed by many others since, down to *Jones* v. *State*, 159 Ark. 215, 251 S. W. 690, would apply.

This disposes of the complaint made as to the modification of two instructions requested by appellant, and given as modified. The modification made by the court simply made them harmonize with No. 15, which we have already found to be a correct statement of the law under the circumstances. We find no error, and the judgment is accordingly affirmed.