Philip D. STIRPARO, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Jan. 27, 1972.

L. Vincent Ramunno, Wilmington, for appellant.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, for the State

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction of uttering as true a forged instrument in violation of 11 Del.C. § 543. The basic point raised in the appeal is that the State failed to prove beyond a reasonable doubt that the appellant was the individual who, on July 25, 1969, cashed a check at the Bank of Delaware with a forged endorsement. The sole question is the identification of the appellant.

The State called Edith M. Forrest, a teller in the Bank of Delaware, who testified that the check in question was payable to one Carmen J. Fahey in the amount of $638.00. In was presented for payment by an individual who, on request, offered a driver's license in the name of Carmen J. Fahey. Mrs. Forrest copied the information from the license on the back of the check and confirmed that the account had a sufficient balance to cover the check. Because, however, the license indicated Fahey was 27 years old and the individual before her appeared to be about 50 years old, she consulted the branch manager who authorized payment.

Mrs. Forrest testified that the individual who cashed the check was "a man that was around 50, not too tall, dark hair, and with a neck brace on, and his nose wasn't straight exactly." When asked if that man was in the courtroom, she answered: "Yes. He is the man in the green shirt over at the table with the glasses on."

It appears that Mrs. Forrest did not see the check-casher again until she identified him at the trial somewhat over a year later. When the appellant was arrested, he did in fact wear a neck brace by reason of injuries suffered in an automobile accident.

Appellant testified in his own defense that he was 47 years of age; that he had never seen the check before; that he had not endorsed the name of Carmen J. Fah-

ey; that he did not know where he was on July 25, 1969, and that he wore a neck brace and used a cane.

The jury quite obviously believed Mrs. Forrest's testimony of identification, which indeed was quite positive and immediate, and disbelieved the appellant.

Appellant's argument in substance asks us to substitute our judgment for that of the jury and to determine the credibility of the witnesses. This we may not do if there is relevant evidence to sustain the jury's finding of guilt. Hutchins v. State, 2 Storey 98, 153 A.2d 204 (Del.Supr.1959). There is such evidence and we accept the jury's finding.

Finally, we are asked to reconsider Lane v. State, 222 A.2d 263 (Del.Supr. 1966) which upheld the standard charge defining "reasonable doubt" equating that phrase with "substantial doubt". Appellant took no exception to the charge below which prohibits the raising of the point before us, but, irrespective of this, we decline to reconsider the *Lane* case which we consider controlling.

The judgment below is affirmed.