MARVIN JASPER LAIRD v. STATE OF ARKANSAS

5657                                              476 S.W. 2d 811

Opinion delivered February 28, 1972

*Kenneth Coffelt,* for appellant.

*Ray Thornton,* Attorney General, *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Marvin Jasper Laird, was charged by information with two separate and distinct felonies, the first, Possessing Stolen

Property, referring to a 1964 GMC truck belonging to Glen Crumblis, and a second charge, Possessing Stolen Property, referring to a Massey-Ferguson tractor belonging to Hubert Pickett. Counsel for appellant, just before the trial commenced, announced that he was ready to go on trial on either charge, but he strenuously objected to being tried on both charges at the same time. The court overruled the objection and the case proceeded to trial, the jury finding Laird guilty on each charge, and fixing his sentence at one year's confinement on each charge in the Department of Corrections. The court, in sentencing the defendant, ordered that the sentences be served concurrently. From the judgment so entered, appellant brings this appeal. For reversal, it is first asserted that the trial court erred in requiring appellant to go to trial on both of these charges at the same time over his objections, and further, certain instructions are complained about which will also be discussed.

We agree that the court erred in holding that the appellant should be tried on both charges at the same time over his objections. Originally, this court held that to try two charges together was error, even though the defendant consented; *McClellan* v. *The State,* 32 Ark. 609. In *The State* v. *Jourdan,* 32 Ark. 203, an opinion by Chief Justice English, it was pointed out that two larcenies were charged in the same indictment, but that this could not be done, Section 1783 of Gantt's Digest being cited. The wording of this statute is identical with our present statute, Ark. Stat. Ann. § 43-1009 (Repl. 1964), which provides:

"An indictment, except in cases mentioned in the next section, must charge but one offense, but, if it may have been committed in different modes, and by different means, the indictment may allege the modes and means in the alternative."

The "next section" referred to in the opinion (Section 1784 of Gantt's Digest) lists various offenses which may be charged in one indictment but several charges of larceny are not permitted. Likewise, in our present statute, Ark. Stat. Ann. § 43-1010 (Repl. 1964), a number of offenses are listed which may be included in one indict-.

ment, but again there is no authorization for several charges of that offense in the same indictment.

In cases subsequent to *McClellan* and *Jourdan*, this court held that several charges could be consolidated if the defendant did not object. *Silvie* v. *State*, 117 Ark. 108, 173 S. W. 857; *Setzer* v. *State*, 110 Ark. 226, 161 S. W. 190.

Also, in the latter case, it was pointed out that there are some exceptions to the prohibition against offering evidence of more than one crime where, for instance, the evidence is offered to show pursuit of a common purpose and a conspiracy; of course, where several criminal acts are committed as part of a single offense, such acts may be included in the indictment or information. In *Ragar* v. *State*, 180 Ark. 1131, 24 S. W. 2d 334, Ragar was charged with three counts of assault with intent to kill, the charge alleging that he assaulted three different persons by firing a shotgun through a closed door, the blast having injured three people but only one conviction was sought. As previously pointed out, § 43-1010 permits the joinder of certain offenses enumerated in that section.

The present charges are based upon Ark. Stat. Ann. § 41-3938 (Repl. 1964), this statute being enacted in 1955, and dealing with the possession of stolen goods. As far as that particular offense is concerned, no authority is given in this, or any other statute, to consolidate charges filed in more than one information, or to charge more than one separate offense in an information. Of course, the charge (of the possession of the truck and the tractor) would not constitute error within itself if only one offense were being charged; rather the error occurred when Laird was tried for two offenses, and two penalties were given.

We also agree that error was committed by the failure to give instructions that were tendered. The court's instruction No. 3 referred to circumstantial evidence, and reads as follows:

"A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is estab-

lished by direct evidence when, for example, it is proved by witnesses who testify to what they say, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case. Any fact in the case, and any element of the crimes charged, may be proved by either kind or both kinds of evidence."

This instruction was correct, but it did not go as far as appellant desired. He offered two instructions which were proper instructions, explaining to the jury that the circumstances must be consistent with the guilt of the defendant and further that such circumstances must be inconsistent with any reasonable conclusion[1] other than the guilt of the defendant. One of these should have been given.

Complaint is also made that the court's instruction on reasonable doubt was erroneous. Pertinent portions read as follows:

"A reasonable doubt is defined to you as being a real, solid and substantial doubt. The kind of doubt that would cause you to halt or hesitate in making a decision affecting some important issue in your own life. It is not necessary that you actually know the defendant to be guilty, because to actually know he is guilty would involve your having actually been involved in the alleged crimes. Nor is reasonable doubt a possible or imaginary doubt, because everything relating to human affairs is susceptible of some imaginary doubt."

We probably would not reverse solely because of the language "solid and substantial doubt". Though we have have no hard and fast rule as to language to be employed in this instruction, the use, particularly of the word "solid" is unusual, and might even require an explanation itself. Certainly, that portion of the instruction which states "it is not necessary that you know the defendant to be guilty" should not be given, for the jury might take it to mean if they just "thought" he was guilty, it would be sufficient; in other words, we do not

---

[1]A better word would have been "hypothesis".

think this language is proper in defining reasonable doubt. In the case of *Dempsey* v. *State,* 83 Ark. 81, 102 S. W. 704, an instruction was given which has been used, and approved, in subsequent cases. The instruction is as follows:

"Reasonable doubt is not a mere possible doubt, or imaginary doubt, because everything relating to human affairs and depending upon mortal evidence is open to some possible or imaginary doubt; but it is such a doubt as arises from such a candid and impartial consideration of all the evidence in the case as would cause a reasonable and prudent man to pause and hesitate in the graver transactions of life; and a juror is satisfied beyond doubt if from a candid consideration of all the evidence he has an abiding conviction of the truth of the charge."

In accordance with what has been said, the judgment is reversed, and the cause remanded.

It is so ordered.