No. 83–5547.  ADAMS *v.* SOUTH CAROLINA.  Sup. Ct. S. C. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of South Carolina insofar as it left undisturbed the death sentence imposed in this case.  *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).  However, even if I believed that the death penalty could be imposed constitutionally under certain circumstances, I nevertheless would grant certiorari because this petition presents an important issue of federal con-

---

stitutional law, upon which State Supreme Courts and a Federal Court of Appeals are divided.

At petitioner's trial, the judge made the following comments on the reasonable-doubt standard:

"If upon the whole case you have a reasonable doubt as to the guilt of the defendant, he's entitled to that doubt and would be entitled to an acquittal. . . . Now I do not mean, ladies and gentlemen, by the term reasonable doubt that it is some whimsical o[r] imaginary doubt. It is not a weak doubt, it is not a slight doubt. It is a substantial doubt, a doubt for which you give a reason. It is a substantial doubt arising out of the testimony or lack of testimony in the case for which a person honestly seeking to find the truth can give a reason. If you have such a doubt in your mind as to whether the State has proven this defendant guilty, you should resolve the doubt in his favor and write a verdict of not guilty and acquit him.

.     .     .     .     .

". . . I would tell you that the two phrases reasonable doubt and proof to a moral certainty are synonymous and the legal equivalent of each other. These phrases connote, however, a degree of proof distinguished from an absolute certainty. The reasonable doubt that the law gives the accused is not a weak or a slight doubt, but a strong and well-founded doubt as to the truth of the charge."

These instructions guided the jury when it found petitioner guilty of murder and again at the sentencing hearing when it found beyond a reasonable doubt the existence of two statutory aggravating circumstances.

Petitioner objected to the reasonable-doubt instruction at trial and sought to challenge its constitutionality on appeal to the South Carolina Supreme Court.[1] Having recently upheld similar

---

[1] The State argues that petitioner waived his right to object to the reasonable-doubt instruction because, following petitioner's initial objection, the trial court issued a supplementary instruction to which petitioner failed to file a second objection. I discount this argument because South Carolina does not strictly enforce its contemporaneous-objection rule to assignment of legal error in capital cases. See *State* v. *Adams*, 277 S. C. 115, 283 S. E. 2d (1981). Indeed, the court in this case ignored petitioner's failure to object to the trial court's supplementary instruction, and dealt with the claim on

reasonable-doubt instructions in capital cases, see, *e. g.*, *State v. Copeland*, 278 S. C. 572, 300 S. E. 2d 63 (1982); *State* v. *Butler*, 277 S. C. 452, 290 S. E. 2d 1, cert. denied, 455 U. S. 945 (1982), the South Carolina Supreme Court denied petitioner an opportunity to brief or argue the issue, and the court's decision affirming petitioner's convictions and death sentence summarily disposed of petitioner's challenge to the trial court's reasonable-doubt instruction. 279 S. C. 228, 306 S. E. 2d 208 (1983).

Last Term, in *Butler* v. *South Carolina*, 459 U. S. 932 (1982) (dissenting from denial of certiorari), I outlined my objections to what apparently has become the standard instruction on reasonable doubt in South Carolina. I continue to believe that trial courts err when they instruct juries that a reasonable doubt means "a substantial doubt" or "a strong and well-founded doubt" or "a doubt for which you give a reason." The Fourteenth Amendment requires prosecutors to prove beyond a reasonable doubt every element of a crime. *In re Winship*, 397 U. S. 358 (1970). When a criminal defendant is convicted by proof beyond a strong or substantial doubt, that defendant has not been afforded the full protections of the Federal Constitution. Moreover, when a jury is told that a reasonable doubt is a doubt that can be articulated, the prosecutor's burden of proof is unconstitutionally eased.

For substantially these reasons, the First Circuit struck down a reasonable-doubt instruction virtually identical to the one given by the trial court in this case. *Dunn* v. *Perrin*, 570 F. 2d 21, cert. denied, 437 U. S. 910 (1978);[2] see also *United States* v. *Flannery*, 451 F. 2d 880, 883 (CA1 1971). The First Circuit noted:

merits. Under these circumstances, I see no barrier to reviewing South Carolina's disposition of this federal issue.

The instruction at issue in *Dunn* read as follows:

"The term reasonable doubt, as I use it, means just what those words ordinarily imply. It is a doubt which is reasonable and excludes a doubt which is unreasonable. It is such a doubt as for the existence of which a reasonable person can give or suggest a good and sufficient reason. It does not mean a trivial or a frivolous or a fanciful doubt nor one which can be readily or easily explained away, but rather such a strong and abiding conviction as still remains after careful consideration of all the facts and arguments against it and would cause a fair-minded person to refrain from acting in regard to some transaction of importance and seriousness equal to this case." 570 F. 2d, at n. 1.

Although the trial court in *Dunn*, unlike the court at petitioner's trial, likened reasonable doubt to the degree of uncertainty that would cause a prudent per-

"Th[e] definition of reasonable doubt was the exact inverse of what it should have been. . . . Instead of requiring the government to prove guilt, it called upon petitioners to establish doubt in the jurors' minds. That is an inescapable violation of *In re Winship* . . . ." 570 F. 2d, at 24 (footnote and citations omitted).

Though reviewing a state conviction on collateral review, the *Dunn* panel concluded that the defect in the trial court's instruction was of sufficient magnitude to warrant a retrial. *Id.*, at 25.

The First Circuit's analysis of the reasonable-doubt instructions in *Dunn* directly conflicts with rulings of the South Carolina Supreme Court applied in this case as well as recent decisions of several other State Supreme Courts.[3] Since this conflict is the culmination of chronic disagreement over the correct definition of reasonable doubt,[4] I find this petition an appropriate candidate for review. See this Court's Rule 17.1(b).

I would grant the petition.

---

son to hesitate before making an important personal decision, the First Circuit made clear in its decision that the constitutionally defective portion of the *Dunn* instruction was the equation of a reasonable doubt to a substantial and articulable doubt. *Id.*, at 24–25. In these two respects, the *Dunn* instruction and the instruction given at petitioner's trial are identical. As the instruction in petitioner's case equated reasonable doubt with "a strong and well-founded doubt," the trial court in *Dunn* defined reasonable doubt to be "a strong and abiding conviction.". Where petitioner's instruction likened a reasonable doubt to "a doubt for which you can give a reason," the *Dunn* instruction referred to a reasonable doubt as a "doubt as for the existence of which a reasonable person can give or suggest a good and sufficient reason."

[3] See, *e. g.*, *State* v. *Derrico*, 181 Conn. 151, 169–171 434 A. 2d 356, 367–368 (1980); *Stirparo* v. *State*, 287 A. 2d 394 (Del. 1972); *State* v. *Osbey*, 213 Kan. 564, 571–573, 517 P. 2d 141, 148 (1973); *State* v. *Davis*, 482 S. W. 2d 486, 489 (Mo. 1972).

[4] Throughout this century, both federal and state courts have criticized reasonable-doubt instructions similar to the South Carolina charge given in this case. See, *e. g.*, *Taylor* v. *Kentucky*, 436 U. S. 478, 488 (1978); *Pettine* v. *Territory of New Mexico*, 201 F. 489, 495–497 (CA8 1912); *Laird* v. *State*, 251 Ark. 1074, 476 S. W. 2d 811, 813 (1972); *State* v. *Davis, supra*, at 490 (Seiler, J., concurring); *Frazier* v. *State*, 117 Tenn. 430, 459–467, 100 S. W. 94, 102–103 (1907); *Owens* v. *Commonwealth*, 186 Va. 689, 704–706, 43 S. E. 2d 895, 902 (1947); *State* v. *McDonald*, 89 Wash. 2d 256, 273–274, 571 P. 2d 930, 940 (1977).