23875

Jonathan WILSON, Petitioner v. STATE of South Carolina, Respondent.

(432 S.E. (2d) 477)

Supreme Court

*Ray P. McClain,* Charleston, and the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zalenka,* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Oct. 15, 1992.

Decided June 21, 1993.

FINNEY, Justice:

This Court granted certiorari to review two issues raised by Petitioner Jonathan Wilson in his application for postconviction relief (PCR), which was denied. After fully considering the record, briefs of the parties and the applicable law, we affirm.

## FACTS

On January 5, 1987, petitioner signed a written confession to a rape which occurred two days earlier. As a result, he was arrested and subsequently indicted for criminal sexual conduct in the first degree. Petitioner was admitted to William S. Hall Psychiatric Institute (Hall Institute) on January 7, 1987, pursuant to S.C. Code Ann. § 44-17-410 (1976) based on the

belief that petitioner was depressed, expressing suicidal thoughts, and was feared to pose a danger to himself. On January 8, 1987, the Charleston County Probate Court received notice of the application for emergency admission.

On January 16, 1987, the probate court ordered hospitalization and a hearing under Section 44-17-410(3). After the hearing, the probate court issued an order on January 27, 1987, in which it 1) found the petitioner to be mentally ill; 2) committed petitioner to the Hall Institute for inpatient treatment; 3) ordered petitioner to undergo outpatient treatment at the Charleston Area Mental Health Center and Charleston County Substance Abuse Commission immediately upon discharge;[1] and 4) retained jurisdiction over petitioner pursuant to S.C. Code Ann. § 44-17-580. Petitioner received his inpatient discharge on February 17, 1987.

On May 7, 1987, petitioner pled guilty as indicted in general sessions court with the assistance of counsel and was sentenced to imprisonment for twenty years. Upon notice from the Charleston Area Mental Health Center that petitioner had been incarcerated, the probate court issued its order on June 1, 1987, terminating outpatient treatment.

Petitioner appealed his criminal conviction on the grounds that he was not competent to enter a plea; that in so doing, his due process rights under Article I, § 3 of the South Carolina Constitution, and the Fourteenth Amendment to the United States Constitution were violated; and that his plea did not comport with the voluntary and intelligent requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. (2d) 274 (1969). This Court affirmed petitioner's guilty plea and sentence pursuant to Rule 23 of the Rules of Practice in the Supreme Court and Court of Appeals and under the authority of *State v. McKinney*, 278 S.C. 107, 292 S.E. (2d) 598 (1982); and *State v. Bradley*, 263 S.C. 223, 209 S.E. (2d) 435 (1974). *See State v. Wilson*, Memo. Op. No. 88-MO-192 (S.Ct. filed Sept. 26, 1988).

By application dated June 23, 1990, petitioner sought PCR on several grounds, including 1) the circuit court's lack of jurisdiction to accept petitioner's guilty plea in that the probate court had continuing jurisdiction under S.C. Code Ann. §§ 44-17-580 and 44-23-460; and 2) ineffective assistance of counsel

---

[1]Petitioner has an extensive history of chronic alcohol and drug abuse.

at both the plea and appellate levels. After an evidentiary hearing on May 6, 1991, the PCR judge denied relief. Among the findings in his Order of Dismissal dated June 10, 1991, the PCR judge determined that petitioner had failed to carry his burden of proof; that the representation provided petitioner by counsel at the plea proceeding and on appeal was well within the standard of competence required of attorneys in criminal matters and the wide range of reasonable professional assistance mandated by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. (2d) 203 (1985); and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984).

## ISSUES

Thereafter, the petitioner filed a petition for writ of certiorari asserting five issues. This Court granted certiorari only as to the following two issues:

I. The Court of General Sessions lacked jurisdiction to accept petitioner's guilty plea without a hearing which affirmatively established his competency to plead guilty.

II. Petitioner was prejudiced by the absence of any investigation, research or evaluation as to defenses or evidence in mitigation by his trial counsel.

## LAW/ANALYSIS

QUESTION I.

Petitioner argues that Section 44-23-460 requires the Court of General Sessions to hold a competency hearing to determine whether it may exercise jurisdiction over him, and that the probate Court retains exclusive jurisdiction pending a competency hearing.

The PCR judge found that Section 44-23-460 is limited to situations where a prior determination had been made that an individual was unfit to stand trial; and, therefore, was inapplicable to petitioner. Section 44-23-460 provides in pertinent part:

When the superintendent of a hospital or mental retardation facility believes that a person against whom criminal charges are pending no longer requires hospitalization, the court in which criminal charges are pending shall be

notified and shall set a date for and notify the person of a hearing on the issue of fitness. . . .

The probate court committed petitioner to the Hall Institute under Section 44-17-580, relevant portions of which provide as follows:

> If, upon completion of the hearing and consideration of the record, the court finds upon clear and convincing evidence that the person is mentally ill, needs treatment and because of his condition:
> (1) lacks sufficient insight or capacity to make responsible decisions with respect to his treatment; or
> (2) there is a likelihood of serious harm to himself or others, it shall order in-patient or out-patient treatment
> . . . .
> If the court orders out-patient treatment and the respondent fails to adhere to the prescribed out-patient treatment program, on report of the failure by the treatment facility the court upon notice to the respondent and his counsel may order a supplemental hearing and further order in-patient treatment in a designated or licensed facility. The probate court issuing the order shall maintain jurisdiction over the person for the purpose of supplemental proceedings as herein set forth. . . . An order for in-patient treatment at a mental health facility shall not raise a presumption of incompetency and no rights shall be denied a person unless specifically ordered by the court.

In construing a statute, courts are constrained to assign words their plain and ordinary meaning without employing subtle or forced construction in an effort to expand the statute. *See State v. Sims*, 304 S.C. 409, 405 S.E. (2d) 377 (1991), *cert. denied*, — U.S. —, 112 S.Ct. 1193, 117 L.Ed. (2d) 434 (1992).

Title 44, Chapter 23, Article 5, Code of Laws of South Carolina (1976), addresses fitness of persons charged in criminal proceedings to stand trial. Section 44-23-460 outlines the procedure to be followed after the South Carolina Department of Mental Health acquires jurisdiction of such person under Article 3 of Chapter 23.

Title 44, Chapter 17, Article 3 of the Code concerns admis-

sion and discharge of voluntary patients and Article 5, under which the admission of petitioner was effected, provides for custody and admission of persons requiring immediate care. Article 7 prescribes the procedure for judicial commitment. Specifically, Section 44-17-580 vests the probate court with jurisdiction "for the purpose of supplemental proceedings" to enforce court-ordered treatment. The statute explicitly provides that an order for inpatient treatment shall not raise a presumption of incompetency, and that such patient retains rights not expressly divested by court order.

It is uncontroverted that petitioner's hospitalization and subsequent outpatient treatment were not the result of a determination that he was unfit to stand trial. When considered within the framework of Chapter 23 in its entirety, we construe Section 44-23-460 to be inapplicable to petitioner.

Additionally, this Court held in *State v. Drayton*, 270 S.C. 582, 243 S.E. (2d) 458 (1978), that the statutory determination of fitness to be ordered when a circuit judge has reason to believe that a defendant is not mentally competent to stand trial rests within the discretion of the trial judge. The judge's refusal to grant an order for a hearing will not be overruled absent a clear showing of abuse of discretion. *See also State v. Adams*, 279 S.C. 228, 306 S.E. (2d) 208, *cert. denied*, 464 U.S. 1023, 104 S.Ct. 558, 78 L.Ed. (2d) 730 (1983). We affirm the ruling of the PCR court on this issue.

QUESTION II.

Next, the petitioner asserts that he was prejudiced by the alleged absence of investigation, research or evaluation by his trial counsel with regard to defenses or evidence in mitigation.

The PCR judge found that the record of petitioner's guilty plea speaks for itself as to the competency of counsel, that counsel was diligent in her representation, and performed well within the range of competence and standard of professional assistance set forth in *Hill v. Lockhart, supra; Strickland v. Washington, supra; Marzullo v. Maryland*, 561 F. (2d) 540 (4th Cir. 1977); *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985); and *State v. Pendergrass*, 270 S.C. 1, 239 S.E. (2d) 750 (1977).

In *Strickland v. Washington, supra*, the United States Supreme Court enunciated the two-prong test a defen-

dant must meet in order to prove a claim of ineffective assistance of counsel. First, a defendant must show that counsel's performance was deficient; and second, that such deficiency so prejudiced the defense as to deprive the defendant of a fair trial. Furthermore, the showing of prejudice must entail a reasonable probability that, but for the errors of counsel, a defendant would not have pled guilty but would have insisted on going to trial.

On appellate review, the ruling of the PCR court will be upheld if there is any evidence to support its findings. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624, 626 (1989). The finding of the PCR court, upon the evidence, that petitioner's plea was voluntary and intelligent abrogates the claim of ineffective assistance of counsel. *Whetsell v. State*, 276 S.C. 295, 277 S.E. (2d) 891 (1981).

The PCR record contains testimony by petitioner's trial counsel that in her professional opinion, the petitioner was competent to assist in his defense, to understand the charges against him, the elements of the offense, the possible maximum sentence, and that his plea was freely, voluntarily and intelligently entered.

Petitioner's expert witness, Dr. Kathleen Brady, gave her opinion that the petitioner was in a state of withdrawal from substance abuse when examined by the State Hospital and that his mental state was not addressed sufficiently at the time of his guilty plea. Dr. Brady acknowledged that her testimony was based upon petitioner's medical records, that she did not conduct an examination of the petitioner when he was arrested or at the time of the guilty plea, and that she could not testify to petitioner's mental state or degree of competence at the time he pled guilty.

The record reveals that immediately after committing the offense, the petitioner was remorseful; that his mental state was exacerbated by feelings of guilt to the degree that petitioner was deemed a danger to himself, and that he was a frequent user of alcohol and illicit drugs. Reflected in the medical evidence before this Court is the fact that petitioner had attained sufficient stability to be released for out-patient mental health and substance abuse counseling. From the record, we perceive no difficulty or failure on the the part of the petitioner to comply with the orders of the probate court or direc-

tions of his outpatient counselors from the date of discharge from the Hall Institute to the time of his guilty plea.

The guilty plea record reflects straightforward, affirmative responses by the petitioner to questions from the court as to whether counsel provided representation to petitioner's satisfaction, whether or not petitioner was guilty, whether he wanted to plead guilty, and whether he understood that his plea must be freely, voluntarily and intelligently made. Facts relating to petitioner's mental history and alcohol and drug abuse were presented to the court by petitioner's counsel, and the petitioner stated his desire to enter a guilty plea at that time. Moreover, there is ample evidence in the record of petitioner's self-proclaimed guilt, remorse and intention to forgo a trial. During the plea proceeding, the judge asked whether the petitioner wanted to postpone his guilty plea in order to talk with a psychiatrist. The petitioner responded "No, Your Honor."

After observing the witnesses, passing upon their credibility, and weighing the testimony and evidence before it, the PCR judge determined that petitioner's plea was freely, voluntarily and intelligently entered, and that his claim of mental incompetence is refuted by the record.

We do not find evidence to indicate that further investigation, research or evaluation would have resulted in the petitioner making a choice to go to trial rather than pleading guilty. Hence, the findings of the PCR judge is affirmed.

## CONCLUSION

Upon our review of the record, consideration of the evidence, applicable law and briefs of the parties, this Court concludes that there is evidence in the record to support the ruling of the PCR court that the petitioner has failed to meet the burden of proof required for entitlement to relief under his claim of ineffective assistance of counsel.

Accordingly, we affirm the findings and judgment of the PCR court in this case.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.