IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 93-3281

———————————————

DEDRICK BENNETT,

Petitioner-Appellant,

versus

JOHN P. WHITLEY, WARDEN

Respondent-Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Louisiana

———————————————

(December 22, 1994)

Before HIGGINBOTHAM, SMITH and PARKER, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

A state refusing to listen to a habeas claim because it was decided on direct appeal does not impose a procedural bar to federal review of the constitutional issue. We reverse the district court's contrary holding and remand.


I.

On December 12, 1981, Dedrick Bennett and his accomplice, Shug Bell, entered a convenience store intending to rob the clerk. A sheriff's deputy interrupted the robbery, and Shug Bell killed both the deputy and the clerk. Bennett claims that he fled the scene before Shug Bell killed the deputy and the clerk.

A Louisiana jury convicted Bennett of two counts of second degree murder, felony murder, and sentenced him to two consecutive life sentences. Bennett exhausted his remedies on direct appeal. He also filed an application for post-conviction relief in the state district court. Bennett raised four claims: (1) double jeopardy; (2) insufficient evidence; (3) erroneous jury charge on reasonable doubt; and (4) ineffective assistance of counsel. A state court commissioner recommended that claims two and three be denied for reasons of procedural default pursuant to La. Code Crim. Proc. Ann. art. 930.4(A). Article 930.4(A) provides that "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered." The commissioner also recommended that relief as to claims one and four be denied on their merits.

The state district court denied Bennett's first three claims on the grounds that they were barred by procedural default pursuant to article 930.4(A). The court denied Bennett's fourth claim as meritless. Bennett appealed, and the court of appeal denied review, citing the commissioner's report. The Louisiana Supreme Court denied Bennett's writ application "on the showing made."

Bennett's petition for writ of habeas corpus in federal court asserted the same four grounds for relief. A magistrate judge found that Bennett's insufficient evidence and jury charge claims were procedurally barred pursuant to article 930.4(A). The

2

magistrate judge addressed the merits of Bennett's other claims and recommended that the district court deny relief.

The district court judge adopted the magistrate judge's report and denied relief. Bennett filed a notice of appeal, and we granted a CPC. Bennett raises as error only the district court's procedural default holdings; he does not challenge the district court's denial of relief on the double jeopardy and ineffective assistance of counsel claims.

II.

The district court erroneously held that Bennett's claims were barred by procedural default. There are three primer rules and a presumption behind today's ruling. First, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 111 S. Ct. 2590, 2593 (1991). Second, if the last state court to reach the issue looks to its merits, then the federal courts are also free to review the issue on its merits. Id. Third, in determining whether to reach the merits of a petitioner's claim, the district court must look to the last state court decision. Id. To assist courts in deciding upon what grounds the last state court decision rests, the Supreme Court fashioned the following presumption: "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 2594. The Court held

3

that a strong showing would be required to rebut the presumption, but identified one situation in which the presumption would always be rebutted:

> The only common circumstance in which the presumption is unrealistic is that in which the later state decision rests upon a prohibition against _further_ state review -- for example, an unexplained denial of state habeas resting in fact upon a rule . . . preventing the relitigation on state habeas of claims raised on direct appeal.  In that circumstance, even though the presumption does not posit the real reason for the later denial, it does produce a result . . . that is the correct one for federal habeas courts.  Since a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil -- which is precisely the effect accorded by the "look-through" presumption.

Id. at 2595 n.3.  This is Bennett's case.  Article 930.4(A) precludes a Louisiana court from considering the merits of a claim that has already been raised on direct appeal.  The bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits.  It did not bar the district court from addressing the merits of Bennett's insufficient evidence and jury charge claims.


                              III.

    The judgment dismissing as procedurally barred Bennett's claims of insufficient evidence and flawed jury charge is reversed, and the case is remanded for further proceedings.


                               4