661 So.2d 1321 (1995)
STATE
v.
Terry CAMPBELL.
No. 95-K-0824.
Supreme Court of Louisiana.
October 2, 1995.
Rehearing Denied November 3, 1995.
*1322 PER CURIAM.[*]
WRIT GRANTED. Defendant was indicted for second degree murder. Prior to trial, defendant filed a Motion to Quash Grand Jury Indictment, alleging the grand jury foreman selection process in Evangeline Parish was discriminatory. The motion was denied. Defendant was later convicted of second degree murder. On appeal, one of defendant's assignments of error asserted the trial court had erred by denying his motion to quash on the basis that he, as a white man, lacked standing to claim discrimination against blacks in the selection of grand jury foremen in Evangeline Parish. The third circuit found defendant had standing to pursue the claim, but did not reach the merits of his claim. The court instead found the statistical information compiled by the defense in support of the claim was incomplete and remanded for further evidence to be adduced.[1]
The state filed a writ application with this Court, arguing the court of appeal erred in finding defendant had standing to make a discrimination claim on behalf of the excluded black potential grand jury foremen and also that the court of appeal erred in remanding the case to allow the defendant to put on more evidence. We grant the state's writ application, reverse the court of appeal decision, and remand to the court of appeal for further proceedings.
In Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), the United States Supreme Court implicitly held two black defendants had standing to bring an equal protection claim that blacks had been unconstitutionally excluded from serving as grand jury foremen when it "assume[d] without deciding that discrimination with regard to the selection of only the foreman requires that a subsequent conviction be set aside." Rose, Id. at 551, n. 4, 99 S.Ct. at 2998, n. 4. Therefore, "in order to show that an equal protection violation has occurred in the context of grand jury ... foreman ... selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs." Id. at 565, 99 S.Ct. at 3005 (quoting Castaneda v. Partida, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977)). Thus, in the context of an equal protection claim with respect to the selection of a grand jury foreman, Rose requires the defendant claiming the violation be of the same "race or identifiable group" as those he alleges were excluded from serving as grand jury foremen.
In Hobby v. United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984), the Court was faced with determining whether discrimination in the selection of federal grand jury foremen, resulting in the underrepresentation of blacks and women in that position, required reversal of the conviction of a white male defendant. The defendant had argued this discrimination was a violation of his due process right under the Fifth Amendment of the United States Constitution. The Court noted that in Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), a plurality opinion, it had held a person of any race had standing to bring a Due Process Clause claim challenging the exclusion of any group from petit or grand jury service. The Hobby Court held that this would not be the case, however, where a defendant was bringing a due process claim challenging the exclusion of a particular group from serving as grand jury foremen.
The Hobby Court held that discrimination in the selection of a grand jury foreman, as opposed from discrimination in the selection of the grand jury itself, did not impede the defendant's due process rights. "[Even] assuming *1323 discrimination entered into the selection of federal grand jury foremen, such discrimination does not warrant the reversal of the conviction of, and dismissal of the indictment against, a white male bringing a claim under the Due Process Clause." Id. 468 U.S. at 350, 104 S.Ct. at 3099. The Court focused on the fact that the impact of a discriminatorily chosen grand jury foreman, as opposed to the exclusion of certain groups from participation in the petit or grand jury itself, has only an incidental effect on the criminal justice system:
Given the ministerial nature of the position, discrimination in the selection of one person from among the members of a properly constituted grand jury can have little, if indeed any, appreciable effect upon the defendant's due process right to fundamental fairness. Simply stated, the role of the foreman of a federal grand jury is not so significant to the administration of justice that discrimination in the appointment of that office impugns the fundamental fairness of the process itself so as to undermine the integrity of the indictment.
Nor does discrimination in the appointment of grand jury foremen impair the defendant's due process interest in assuring that the grand jury includes persons with a range of experiences and perspectives. The due process concern that no "large and identifiable segment of the community [be] excluded from jury service," does not arise when the alleged discrimination pertains only to the selection of a foreman from among the members of a properly constituted federal grand jury. That the grand jury in this case was so properly constituted is not questioned....
The ministerial role of the office of federal grand jury foreman is not such a vital one that discrimination in the appointment of an individual to that post significantly invades the distinctive interests of the defendant protected by the Due Process Clause. Absent an infringement of the fundamental right to fairness that violates due process, there is no basis upon which to reverse petitioner's conviction or dismiss the indictment.
Id. at 345-46, 104 S.Ct. at 3096-97 (citations omitted).
The Court distinguished Rose on the basis that it involved an equal protection claim brought by a black defendant claiming discrimination against members of his own race in the selection of the grand jury foreman, as opposed to Hobby, where the white defendant brought only a due process challenge.
In this case, defendant alleges violations of both the Equal Protection Clause and the Due Process Clause of the United States and Louisiana Constitutions. The court of appeal in the instant case analogized to Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) in support for its holding that a white defendant had standing to bring a due process or equal protection claim attacking the process for selecting grand jury foremen as discriminatory against blacks. In Powers, the Court held that a white defendant had standing to raise the equal protection claims of jurors excluded because of their race by the prosecution through the improper use of peremptory challenges. The Court reached this decision after a thorough discussion of the great impact racial discrimination in the selection of jurors would have on the defendant as well as on the integrity of the judicial process. The Court stated:
The discriminatory use of peremptory challenges by the prosecution causes a criminal defendant cognizable injury, and the defendant has a concrete interest in challenging the practice. This is not because the individual jurors dismissed by the prosecution may have been predisposed to favor [or dislike] the defendant; if that were true, the jurors might have been excused for cause. Rather, it is because racial discrimination in the selection of jurors "casts doubt on the integrity of the judicial process," and places the fairness of a criminal proceeding in doubt.
... The intrusion of racial discrimination into the jury selection process damages both the fact and the perception of this guarantee.... Active discrimination by a prosecutor during this process [voir dire] condones violations of the United States Constitution within the very institution entrusted with its enforcement, and so *1324 invites cynicism respecting the jury's neutrality and its obligation to adhere to the law....
... A prosecutor's wrongful exclusion of a juror by a race-based peremptory challenge is a constitutional violation committed in open court at the outset of the proceedings. The overt wrong, often apparent to the entire jury panel, casts doubt over the obligation of the parties, the jury, and indeed the court to adhere to the law throughout the trial of the cause. The voir dire phase of the trial represents the "jurors' first introduction to the substantive factual and legal issues in a case." The influence of the voir dire process may persist through the whole course of the trial proceedings. If the defendant has no right to object to the prosecutor's improper exclusion of jurors, and if the trial court has no duty to make a prompt inquiry when the defendant shows, by adequate grounds, a likelihood of impropriety in the exercise of a challenge, there arise legitimate doubts that the jury has been chosen by proper means. The composition of the trier of fact itself is called in question, and the irregularity may pervade all the proceedings that follow.
The purpose of the jury system is to impress upon the criminal defendant and the community as a whole that a verdict of conviction or acquittal is given in accordance with the law by persons who are fair. The verdict will not be accepted or understood in these terms if the jury is chosen by unlawful means at the outset. Upon these considerations, we find that a criminal defendant suffers a real injury when the prosecutor excludes jurors at his or her own trial on account of race.
Powers, 499 U.S. at 411-13, 111 S.Ct. at 1371-72 (citations omitted).
Under Rose, defendant does not have standing to bring an equal protection claim challenging the exclusion of blacks from serving as grand jury foremen as he is not of the same race or "identifiable group" as those he alleges were excluded from serving as foremen. Under Hobby, defendant does not have standing to bring a due process claim challenging discrimination against blacks in the selection of grand jury foremen, as in that case, the Supreme Court held that the "ministerial role of the office of federal grand jury foreman is not such a vital one that discrimination in the appointment of an individual to that post significantly invades the distinctive interests of the defendant protected by the Due Process Clause." Hobby, 468 U.S. at 346, 104 S.Ct. at 3097. The role of the grand jury foreman in Louisiana appears to be similarly ministerial. Furthermore, under La.C.Cr.P. art. 436, any grand juror who objects to a rule of procedure made by the foreman may seek review from the court. Therefore, as in Hobby, discrimination in the selection of a grand jury foreman from a properly constituted venire has little, if any, effect on the defendant's due process right of fundamental fairness.
The United States Supreme Court has not yet addressed whether a white defendant would have standing to raise the equal protection claims of members of another race who were not selected to serve as grand jury foremen because of their race. Although Powers gives to white defendants standing to bring an equal protection claim on behalf of jurors who were excluded from serving on the petit jury because of their race through the improper use of peremptory challenges, that holding was based on the considerable and substantial impact that such obvious discrimination by the prosecutor during voir dire would have on the defendant's trial as well as on the integrity of the judicial system as a whole. The same cannot be said for discrimination in the selection of a grand jury foreman, and we decline to extend Powers to such a situation.
The court of appeal erred in holding defendant had standing to bring either the due process or equal protection claims. The case is remanded to the court of appeal for treatment of defendant's remaining assignments of error.
REVERSED AND REMANDED.
DENNIS, J., would deny the writ. The majority's opinion is premature and incomplete inasmuch as it is based on an inadequate *1325 record and does not address state constitutional law.
NOTES
[*] Calogero, C.J. not on panel. See Rule IV, Part 2, § 3.
[1] The court of appeal did not address defendant's remaining assignments of error.