670 So.2d 301 (1996)
STATE of Louisiana, Appellee,
v.
Frank J. GUILLORY, Sr., Defendant-Appellant.
No. Cr 95-383.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*303 Morgan J. Goudeau III, David Michael Miller, Asst. Dist. Attys., Opelousas, for State.
Daniel James Stanford, Eunice, for Frank J. Guillory Sr.
Frank J. Guillory Sr., pro se.
Before DOUCET, C.J., and KNOLL and DECUIR, JJ.
DECUIR, Judge.
Defendant, Frank Guillory, was charged with two counts of first degree murder in violation of La.R.S. 14:30. Guillory pled not guilty to the charges and after a trial by jury was found guilty of both counts of first degree murder. The jury returned a sentence of life imprisonment without benefit of probation, parole or suspension of sentence on each count. Guillory was duly sentenced and the sentences were ordered to run concurrently.
Guillory lodged this appeal. Through counsel, defendant alleges three assignments of error. In addition, Guillory filed a pro se brief assigning five errors.

FACTS
Guillory is charged with killing his wife, Judith Joubert Guillory, and her nine-year old son, Tommy Latiolais. The shooting occurred as the victims sat in Ms. Guillory's vehicle after the defendant had been ordered by a deputy sheriff to leave the residence.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we have reviewed this appeal for errors patent on the face of the record. We find one error patent.
When imposing sentence the trial court failed to give Guillory credit for time served in actual custody prior to the imposition of sentence. Therefore, we will remand the case to the district court to amend the commitment and minute entry to reflect that defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95), 651 So.2d 858.

VIOLATION OF DISCOVERY AGREEMENT
Guillory claims by this assignment that the state violated the open file discovery agreement between itself and the defense as well as La.Code Crim.P. art. 718 and 719 when it introduced evidence from a ballistics expert that a glass fragment was found on a bullet retrieved from the body of Judith Guillory. Guillory claims that this evidence was *304 not in the ballistic expert's report in the District Attorney's file. Guillory argues that he would have changed his theory of defense had he been made aware of the evidence. He contends that the evidence "sunk" his struggle theory since it implies that the bullet traveled through glass.
This assignment lacks merit for two reasons. First, defendant failed to make a contemporaneous objection when the ballistics expert testified. No objection was raised until after trial in a Motion for New Trial. Defendant claims he made no objection because he feared he had overlooked the evidence in the report. Whatever his reasoning, no objection was made and therefore, the issue may not be raised on appeal. La.Code of Crim.P. art 841.
Furthermore, the defendant admitted at hearing that he did not allege that the state withheld the evidence from the defense. He merely claims that the ballistics expert failed to include the finding in his report. Defendant cites no authority for the proposition that such an omission is error, reversible or harmless. For these reasons this assignment has no merit.

INSUFFICIENT EVIDENCE FOR FIRST DEGREE MURDER OF CHILD
Guillory contends that the evidence viewed in the light most favorable to the prosecution did not reasonably permit a finding of guilt for the crime of first degree murder of Tommy Latiolais. We disagree.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 at 563, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
The crux of Guillory's argument is that the state failed to prove that he had the specific intent to kill the minor child. The state has the burden of proving each element of the charged offense beyond a reasonable doubt. Specific intent is a state of mind and can be proved directly as a fact or may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Turner, 626 So.2d 890 (La.App. 3 Cir.1993), writ denied, 93-3182 (La. 4/4/94), 635 So.2d 1122. In the absence of an admission of such intent by the defendant, it must be proven by inferences from surrounding facts and circumstances. State v. Donahue, 572 So.2d 255 (La.App. 1 Cir.1990). In this case, the defendant acknowledged his obvious intent to kill Judith but refused to admit that he intended to kill Tommy. Therefore, it was necessary for the state to prove this element by circumstantial evidence.
We find that the state has proved that Guillory had the specific intent to kill Tommy Latiolais. By shooting at Judith Guillory in the confines of a vehicle, with Tommy and his sister sitting next to her, defendant must have actively desired the criminal consequences to result. In State v. Tyler, 342 So.2d 574 (La.1977), in which the defendant was convicted of first degree murder by firing a gun into a crowd, the court stated:
... there is authority in law for the proposition that shooting into a crowd indiscriminately with intent to kill someone is an assault with intent to kill each of them. State v. Thomas, 127 La. 576, 53 So. 868 (1911); Ragar v. State, 180 Ark. 1131, 24 S.W.2d 334 (1930); Scott v. State, 49 Ark. 156, 4 S.W. 750 (1887); 40 C.J.S.Homicide sec. 82 (1955).
Likewise in State v. Kennington, 515 So.2d 521 (La.App. 1 Cir.1987), the court found the evidence sufficient to prove specific intent to kill where the defendant fired a gun into a *305 crowd of innocent bystanders. Furthermore, in a case more analogous to our own, this court found that a defendant who shot at two men standing next to each other with the admitted intent to kill one, had the specific intent to kill both. State v. Hall, 606 So.2d 972 (La.App. 3 Cir.1992), writ denied 93-0051 (La. 11/11/94), 644 So.2d 385.
In addition to the logical inference the jury made from the totality of the circumstances, the presumption exists in law "that the defendant intended the natural and logical consequences of his act," La.R.S. 15:432, which in this case was to kill more than one person at the time of killing Judith Guillory. State v. Jordan, 276 So.2d 277 (La.1973).
Guillory approached his wife as she was preparing to take herself and her children away from the home Guillory had previously been ordered to leave by a deputy sheriff. He then shot Judith not once but five times as she sat in the close confines of her vehicle with her children at her side. By his own admission, defendant was in close proximity to the vehicle at the time of the shooting. In fact, he claims to have been reaching into the vehicle. After reviewing the record in its entirety, we find the evidence is sufficient to prove that Guillory had the specific intent to kill Tommy Latiolais.

SUFFICIENCY OF EVIDENCE FIRST DEGREE MURDER OF JUDITH
Guillory contends that the evidence, viewed in the light most favorable to the State, does not reasonably permit a finding of guilt of first degree murder of Judith Guillory. We disagree.
La.R.S. 14:30 at the time of the crime provided in pertinent part that first degree murder is the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm on more than one person.
Guillory admitted shooting and killing his wife. There is ample evidence that he had the specific intent to commit those acts. In our discussion of the previous assignment we found that he also had the specific intent to kill or inflict great bodily harm on Tommy Latiolais. Accordingly, we find that the evidence is sufficient to find Guillory guilty of the first degree murder of Judith Guillory.

CONSTITUTIONAL INDICTMENT
By this pro se assignment, Guillory contends that his indictment was unconstitutionally defective since the grand jury foreman selection process in St. Landry Parish was racially discriminatory, thereby violating his right to equal protection and due process of law. This assignment lacks merit.
A white defendant does not have standing to raise either a due process or equal protection claim for alleged discrimination against another race in the selection of a grand jury foreman. State v. Campbell, 95-0824 (La. 10/2/95), 661 So.2d 1321.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
Defendant's second pro se assignment alleges as error, ineffective assistance of counsel. This is ordinarily a matter to be raised in an application for post-conviction relief, however, we will consider it insofar as the record contains adequate evidence to decide the issues raised.
In order to prove ineffective assistance of counsel the defendant must show that the counsel's performance was deficient and that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La. 1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To show that counsel was deficient, the defendant must demonstrate that counsel failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559.
Guillory first alleges that his appellate counsel was ineffective for not obtaining the voir dire transcript. However, he alleges no specific error during voir dire. Absent such alleged error, appellate counsel could not have ordered the voir dire transcript. La.Code Crim.P. art 914.1(B). Furthermore, it has been held that defendants appealing as paupers who request free transcripts must show a particularized need. *306 State ex rel. Joseph v. State, 482 So.2d 680 (La.App. 1 Cir.1985). Defendant alleged no error nor did he show particularized need. Accordingly, counsel did not act inappropriately in failing to order voir dire transcripts.
Guillory next alleges that his appellate counsel was ineffective because he refused to consult with the defendant concerning issues raised on appeal. Appellant counsel consulted with trial counsel but could not consult with defendant due to his late appointment as counsel. In any event, defendant has failed to show how the appeal would have progressed differently had a consultation been held. Defendant has failed to show that counsel acted deficiently or that defendant's case was prejudiced.
Defendant next alleges that appellate counsel was ineffective because he was not trial counsel. Defendant cited no law in support of this proposition nor do we find any. This allegation has no merit.
Finally, Guillory alleges that appellate counsel was ineffective because no bench conferences were recorded. Appellate counsel had no control over this issue. Defendant alleges no specific error in any bench conference, and had such error been made, appellate counsel would have been notified by trial counsel.
For the foregoing reasons, this assignment of error has no merit.

FAILURE TO INSTRUCT JURY ON CIRCUMSTANTIAL EVIDENCE
Guillory alleges the trial court erred by failing to give the jury an instruction on what constitutes circumstantial evidence. The judge instructed the jury on circumstantial evidence. Defendant made no contemporaneous objection to the contents of the charge and, therefore, may not raise the issue on appeal. La.Code Crim.P. art. 841. This assignment lacks merit.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
By this assignment Guillory alleges that his trial counsel was ineffective because he failed to interview a forensic chemist who provided testimony damaging to defendant, and because he failed to hire a ballistics expert. Trial counsel had a copy of the witness' report and admitted that he did not interview the witness, however, he provided no reason for not doing so. Because the merits of this assignment concern matters of trial strategy, we cannot fully determine the issue from the record before us. Therefore, the defendant should assert these claims in an application for post-conviction relief so that the necessary evidentiary hearing can be held. See State v. Green, 93-2173 (La. App. 4 Cir. 8/23/95), 660 So.2d 935.
Defendant also alleges that trial counsel was ineffective in that he presented an unsupported theory of defense, and in failing to challenge the grand jury foreman selection process. With regard to the first claim, defendant has failed to show prejudice since the defense theory was based on defendant's story and, if truthful, should not have changed with expert testimony. As we noted previously, the defendant has no standing to raise the second issue he claims counsel failed to raise.
For the foregoing reasons, defendant's allegations of ineffective assistance of counsel lack merit or should be raised in an application for post-conviction relief as indicated.

ADMISSION OF BULLETS
By his final assignment, Guillory alleges that the trial court erred in allowing the introduction of "the bullets" because (1) the state failed to establish the requisite foundation for their admission, (2) the bullets were introduced solely on the basis of inadmissible hearsay evidence given by Roland Rivette and (3) there was a break in the chain of custody. Defendant made no contemporaneous objection to the admission of the bullets and, therefore, may not raise the issue on appeal. La.Code Crim.P. art. 841.

DECREE
Defendant's conviction and sentence are affirmed. The case is remanded to the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
*307 AFFIRMED AND REMANDED WITH INSTRUCTIONS.