United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30962
Summary Calendar

_____

FRANK GUILLORY, SR.,

Petitioner-Appellant,

versus

BURL CAIN,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1352
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frank Guillory, Sr., Louisiana inmate # 347892, was

convicted by a jury of two counts of first-degree murder and was

sentenced to serve concurrent life sentences without benefit of

probation, parole, or suspension of sentence. Guillory was

granted a COA and now appeals the denial of his 28 U.S.C. 2254

petition.

Guillory alleged for the first time on direct appeal that he

had been denied due process and equal protection because the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

method of selecting the grand jury foreperson in St. Landry

Parish, Louisiana, was discriminatory.  The state appellate court

concluded in 1996 that Guillory, who is white, did not have

standing to assert a claim for "alleged discrimination against

another race in the selection of a grand jury foreman" and

affirmed the convictions and sentences.  Guillory did not seek

further review in the Louisiana Supreme Court.

Guillory reiterated the grand jury foreperson claims in his

first state post conviction application.  He argued that although

he was white, he had standing to assert a challenge to the

exclusion of blacks as grand jury forepersons in St. Landry

Parish.  The application was denied pursuant to LA. CODE CRIM.

PROC. art. 930.4, which provides that "[u]nless required in the

interest of justice, any claim for relief which was fully

litigated in an appeal from the proceedings leading to the

judgment of conviction and sentence shall not be considered."

Guillory raised the grand jury foreperson claims in a second

state post conviction application and added claims that trial

counsel provided ineffective assistance because counsel did not

move to quash the indictment and did not challenge the method of

selection of the grand jury foreperson.  The application was

denied pursuant to LA. CODE CRIM. PROC. art. 930.4 as repetitive

and art. 930.8 as untimely.

By the time Guillory reached the district court, the Supreme

Court had decided in Campbell v. Louisiana, 523 U.S. 392, 401

(1998), that a white defendant has standing to assert claims such as Guillory's. The district court rejected application of the doctrine of procedural default, concluded that Campbell announced a new rule of constitutional law that was not retroactively applicable to cases on collateral review, and denied 28 U.S.C. § 2254 relief.

A COA was granted on the issue whether Campbell announced a new rule of constitutional law that is retroactively applicable to cases on collateral review.

Guillory's claims have not been adjudicated on the merits. See Mercadel v. Cain, 179 F.3d 271, 274-75 (5th Cir. 1999). Therefore, our review is de novo. See id. at 275.

Article 930.4A, LA. CODE CRIM. PROC., is not a procedural bar in the traditional sense and is not a decision on the merits. Bennett v. Whitley, 41 F.3d 1581, 1583 (5th Cir. 1994). The article 930.4 bar does not preclude the district court from addressing the merits of the claims. Id.

In Peterson v. Cain, 302 F.3d 508, 513-14 (5th Cir. 2002), cert. denied, 123 S. Ct. 886 (2003), we held that Campbell did not announce a new rule of constitutional law. Accordingly, the district court's basis for the rejection of Guillory's grand jury foreperson claims was erroneous. Accordingly, the judgment of the district court is VACATED, and Guillory's claims that he was denied due process and equal protection due to the method of selection of the grand jury foreperson in St. Landry Parish are

REMANDED for consideration in light of our opinion in <u>Peterson v.
Cain</u>, 302 F.3d 508, 513-14 (5th Cir. 2002).

Guillory abandoned his ineffective assistance claims by
failing to assert them in this court. <u>Yohey v. Collins</u>, 985 F.2d
222, 225 (5th Cir. 1993).

VACATED AND REMANDED.