IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2007

Charles R. Fulbruge III
Clerk

No. 05-30894

FRANK GUILLORY

Petitioner-Appellant

v.

BURL CAIN

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:99-CV-1352

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[1]

Petitioner Frank Guillory, Louisiana prisoner #347892, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Because we find that the district court disregarded the mandate in our previous remand, we vacate and remand for further proceedings consistent with this opinion.

I.

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1994, a Louisiana jury convicted Frank Guillory, Sr., now Louisiana inmate # 347892, of two counts of first-degree murder. State v. Guillory, 670 So. 2d 301, 303 (La. Ct. App. 1996). The jury assessed concurrent sentences of life imprisonment without benefit of probation, parole, or suspension of sentence. Id. On direct appeal, Guillory argued, inter alia, that he had been denied due process and equal protection because Louisiana's method of selecting the grand jury foreperson was discriminatory. Id. at 305. The Louisiana Court of Appeal affirmed, concluding that Guillory, who is white, did not have standing to assert a claim for "alleged discrimination against another race in the selection of a grand jury foreman" and affirmed the convictions and sentences. Id. at 305, 307. Guillory did not petition the Louisiana Supreme Court for further direct review.

Guillory attempted to raise the grand-jury-foreperson claim, along with many other claims, in at least two postconviction applications that he filed in the state courts in the late 1990s. In the first proceeding, the trial court denied relief pursuant to LA. CODE CRIM. PROC. art. 930.4, explaining that the claims had been "fully litigated" on direct appeal and were repetitive.[2] The

---

[2] Article 930.4 addresses "[r]epetitive applications" and states:

A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.

B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceeding leading to conviction, the court may deny relief.

C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

D. A successive application may be dismissed if it fails to raise a new or different claim.

E. A successive application may be dismissed if raises a new or different claim that was inexcusably omitted from a prior application.

court also ruled that the claims were "without merit." Id. In 1997, the Louisiana Court of Appeal denied review as to the grand-jury-foreperson claim pursuant to art. 930.4(D) because the claim was "repetitive," and, in October 1998, the Louisiana Supreme Court denied review without reasons.

In his second state application, filed in July 1998, Guillory again alleged a denial of due process and equal protection based on the method of selection of the grand jury foreperson. The trial court dismissed the application pursuant to LA. CODE CRIM. PROC. art. 930.8 as untimely and art. 930.4 for presenting claims that had been considered previously. In 1999, the appellate court denied review because Guillory's claims were "repetitive" under art. 930.4(D), and the Louisiana Supreme Court denied review without reasons.

In a timely-filed § 2254 petition, Guillory reiterated his grand-jury-foreperson arguments, among other claims. The magistrate judge determined that, although the art. 930.4 procedural bar was adequate and had been correctly applied, federal habeas review was warranted as to the grand-jury-foreperson claim, due to the complexity of the issues and the need for an extensive review under Teague v. Lane, 489 U.S. 288 (1989). After additional briefing, the magistrate judge concluded that, although "the denial of relief [as to this claim] by the state courts based on the repetitive nature of the claim is a procedural bar to federal habeas review unless petitioner can establish cause for the default or establish that he is actually innocent of the crimes," the "complexity of the issues, and the fact that petitioner's claims require an extensive Teague review" warranted a conclusion that the claims were not procedurally defaulted. The magistrate judge concluded that Campbell v. Louisiana, 523 U.S. 392, 401 (1998), announced a new rule that

---

(emphasis added). Under art. 930.4(F), the petitioner should be given an opportunity to state his reasons for his failure to comply with subsections (B), (C), or (E).

was not retroactively applicable to cases on collateral review. The district court adopted the magistrate judge's report and recommendation and denied § 2254 relief. This court granted a certificate of appealability (COA) on the issue whether Campbell announced a new rule of constitutional law that is retroactively applicable to cases on collateral review, and the case was held pending a decision in Peterson v. Cain, 302 F.3d 508 (5th Cir. 2002). A COA was denied as to all other claims.

On April 3, 2003, this court vacated the district court's judgment and remanded for further proceedings in light of Peterson. We found that insofar as the first state postconviction court to address Guillory's grand-jury-foreperson claim had effectively dismissed his postconviction application pursuant to LA. CODE CRIM. P. art. 930.4(A), on the ground that the claim had been "fully litigated" on appeal, this was "not a procedural bar in the traditional sense" and did not exclude the federal district court from addressing the merits. (citing Bennett v. Whitley, 41 F.3d 1581, 1583 (5th Cir. 1994)). In Campbell, 523 U.S. at 401, the Supreme Court held that a white defendant did have standing to assert grand-jury-foreperson claims like Guillory's. In Peterson, this court held that Campbell did not announce a new rule of constitutional law, which meant that Guillory was authorized to raise such a claim in his § 2254 petition.

The magistrate judge on remand, rather than addressing the merits of Guillory's Campbell claim as directed, issued a report recommending that Guillory's remaining claims be dismissed as procedurally defaulted. Although the merits of Guillory's grand-jury-foreperson claim had been addressed in the magistrate judge's previous report, "[u]pon further review, it [was] clear that important issues of exhaustion and procedural default ha[d] not been fully addressed" at that time. In short, the magistrate judge concluded that

Guillory failed to exhaust the claim on direct appeal because he never sought a supervisory writ from the Louisiana Supreme Court.

Guillory objected, emphasizing that the Fifth Circuit had directed the district court to consider his claim on the merits in light of Peterson. The district court adopted the magistrate judge's conclusions and dismissed Guillory's petition. Guillory timely filed a notice of appeal. The district court denied his application for a COA.

On August 9, 2006, this court granted Guillory a COA. The court observed that "Guillory's pro se contention, if construed liberally, is that the district court's reliance on the procedural-default doctrine was barred by the law-of-the-case doctrine or, more specifically, the mandate rule." This court directed the parties to "address whether the mandate rule precluded the district court from ruling that Guillory's claim was procedurally defaulted and whether reexamination of this matter was authorized under any of the mandate rule's exceptions."

II.

"The law of the case doctrine provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" Fuhrman v. Dretke, 442 F.3d 893, 896 (5th Cir. 2006)(internal citations omitted). "Exceptions to the law of the case doctrine allow reexamination only if '(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.'" Id. at 897 (internal citations omitted).

"'A corollary of the law of [the] case doctrine is the mandate rule, which provides that a lower court on remand must implement both the letter and spirit of the [appellate court's] mandate, and may not disregard the explicit

directives of that court." Tollett v. City of Kemah, 285 F.3d 357, 364 (5th Cir. 2002)(internal quotations and citations omitted) (emphasis in original). "'Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" Fuhrman, 442 F.3d at 897 (citation omitted). The district court may deviate from the mandate only "if one of the exceptions to the law of the case doctrine applies." Id.

On remand, the district court deviated from this court's "explicit directive," which was to consider Guillory's grand-jury-foreperson claim in light of our opinion in Peterson, 302 F.3d at 513-14. Peterson stated that "Campbell . . . enunciated that a white defendant has Fourteenth Amendment due process standing to litigate whether his conviction was obtained by means or procedures contravening due process when black venire members are discriminated against in the selection of his grand jury." Peterson, 302 F.3d at 513-14. The "letter and spirit" of this court's mandate was for the district court to consider the merits of Guillory's Campbell claim.

In its opinion on Guillory's initial appeal from the denial of § 2254 relief, this court held that "[t]he article 930.4 bar does not preclude the district court from addressing the merits of the claims." Neither the magistrate judge nor the respondent cites any recognized exception to support deviating from the law-of-the-case doctrine or the mandate rule to revisit the issue whether Guillory's grand-jury-foreperson claim was procedurally defaulted. Accordingly, we vacate the judgment of the district court and remand for consideration of Guillory's grand-jury-foreperson claim in light of this court's opinion in Peterson.

VACATED and REMANDED.