# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2010

No. 09-30206

Charles R. Fulbruge III
Clerk

FRANK GUILLORY, SR.,

Petitioner-Appellant,

v.

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana, Lafayette Division
USDC No. 6:99-CV-01352

---

Before JONES, Chief Judge, and SMITH and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court properly dismissed Petitioner-Appellant Frank Guillory Sr.'s petition, pursuant to 28 U.S.C. § 2254, which alleged grand-jury and grand-jury-foreperson discrimination under the Due Process and Equal Protection Clauses. The court dismissed these claims, without an evidentiary hearing, after reviewing the transcript of the selection proceedings. Based on the transcript, the district court concluded that the state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court selected the grand jury and its foreperson in a random and race-neutral manner. We agree, and therefore, we AFFIRM the decision of the district court.

This court's prior decision in *Guillory v. Cain*, 250 F. App'x 95 (5th Cir. 2007) (unpublished), sets forth the background and relevant procedural history of this case, which we will not repeat here. In that decision, we remanded the case for the district court to consider the merits of Guillory's discrimination claims. *See id.* at 98.

On remand, the district court referred the case to the magistrate judge, who then prepared to hold an evidentiary hearing on the matter. Prior to the hearing, Respondent-Appellee Burl Cain produced, for the first time, a transcript of the grand-jury selection. The parties submitted briefs in light of this newly produced evidence. Cain contended that the transcript demonstrated that the state court selected the grand jurors and foreperson at random. Guillory responded that the transcript was too ambiguous to support that contention.

Based on the transcript, the magistrate judge found that "the grand jurors were selected at random and by lots and that the foreperson of the grand jury was selected at random from amongst those already chosen to serve." The magistrate judge recommended denying the petition with prejudice on this ground alone. The district court adopted this report and recommendation but granted a certificate of appealability on "whether the petitioner's rights to due process and equal protection were violated as a result of discrimination on the basis of race in the selection of the grand jury that indicted him."[1] Guillory timely appealed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this habeas proceeding because Guillory filed his petition on July 27, 1999, after AEDPA's effective date of April 24, 1996. *See Amador v. Quarterman*, 458 F.3d

---

[1] Unless otherwise indicated, all references to the findings and decision of the district court encompass the report and recommendation.

No. 09-30206

397, 409 (5th Cir. 2006) (citation omitted). However, the ordinary standard of review for state-court judgments under AEDPA does not apply here. In this unusual case, the federal district court was required to conduct a *de novo* review of the issues raised by Guillory because the Louisiana courts had not ruled on the merits of his claim. *Cf.* 28 U.S.C. § 2254(d) (describing AEDPA standards of review where a claim was "adjudicated on the merits" by state courts). In addition, the district court had evidence before it (the transcript) that was not before the state court. This new evidence was the sole basis for its decision.

Under these circumstances, in reviewing the denial of habeas relief, the court examines factual findings for clear error, and it reviews, *de novo*, questions of law and mixed questions of law and fact. *Carty v. Thaler*, 583 F.3d 244, 252-53 (5th Cir. 2009) (citations omitted). When reviewing mixed questions of law and fact, the *de novo* standard requires "independently applying the law to the facts found by the district court, as long as the district court's factual determinations are not clearly erroneous." *Ramirez v. Dretke*, 396 F.3d 646, 649 (5th Cir. 2005) (citation omitted). This court has held that the "ultimate question . . . [of] whether the grand jury was selected in a systematically unrepresentative or racially discriminatory manner, has long been recognized to be a question of law or a mixed question of fact and law." *Rideau v. Whitley*, 237 F.3d 472, 486 (5th Cir. 2000) (citations omitted). The court reviews the decision to deny an evidentiary hearing for abuse of discretion. *See Clark v. Johnson*, 202 F.3d 760, 765 (5th Cir. 2000). An evidentiary hearing is unnecessary if the court had sufficient facts before it to resolve the claims. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *West v. Johnson*, 92 F.3d 1385, 1410 (5th Cir. 1996) (citations omitted).

Guillory cannot prevail because the transcript establishes that the court selected the grand jury and its foreperson in a random and race-neutral manner. *See Johnson v. Puckett*, 929 F.2d 1067, 1072 (5th Cir. 1991) ("[A] prima facie case

[of discrimination in the selection of a grand-jury foreperson] may . . . be rebutted by evidence that objective, racially neutral criteria were used in the selection process.") (citations omitted); *cf. Castaneda v. Partida*, 430 U.S. 482, 494-95 (1977) ("a selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination") (citations omitted). Specifically, the transcript shows that the court, with the aid of a conscientious prosecutor, randomly pulled the names of the grand jurors and foreperson from a box. Thus, the district court did not abuse its discretion in denying the petition without holding an evidentiary hearing. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) ("The district court had sufficient facts before it to make an informed decision on the merits of McDonald's claim and, accordingly, did not abuse its discretion in refusing to hold an evidentiary hearing.").

Accordingly, the decision of the district court is AFFIRMED.